Cynthia L. Martin, Judge
Joshua Perkins ("Perkins") appeals the denial of his Rule 24.035 motion following an evidentiary hearing. Perkins argues that the motion court clearly erred in failing to conduct an abandonment inquiry after appointed counsel filed a statement in lieu of an amended motion, and in denying a claim in his pro se amended motion that his guilty plea was involuntary because he was not advised of the range of punishment. Because the filing of a timely statement in lieu of an amended motion does not necessitate an abandonment inquiry, and because the pro se amended motion Perkins thereafter filed was untimely and did not constitute the reply to a statement in lieu of an amended motion authorized by Rule 24.035(e), the motion court's judgment is affirmed.
Factual and Procedural Background
The State charged Perkins with the class A felony of assault of a corrections officer in the first degree (Count I) and the class B felony of committing violence against an employee of the Department of Corrections (Count II). Perkins appeared with counsel at a plea and sentencing hearing on May 5, 2016. At the hearing, the State initially announced the agreed upon sentence to be concurrent 20-year terms of imprisonment on each count, to run consecutively with any sentence Perkins was currently serving. Perkins stated that he understood the State sought a 20-year sentence on Count I.
Later in the hearing, the State offered to drop Count II if Perkins pleaded guilty to Count I for a 20-year term of imprisonment to be served consecutively with a sentence he was already serving. Perkins agreed. The plea court reiterated the State's offer of a 20-year sentence on Count I, explaining to Perkins he had the right to decline the offer and go to trial. Perkins responded that he did not want to go to trial. The plea court found Perkins's guilty plea was freely and voluntarily entered with an understanding of the nature of the charge and the range of punishment. The plea court also explained to Perkins that there would not be a sentencing assessment report "because we've already agreed with what the sentence is going to be." The plea court sentenced Perkins to a 20-year term of imprisonment on Count I, to run consecutively with any existing sentence. The plea court did not reference the mandatory minimum and maximum penalties for Count I. Perkins did not appeal the judgment of conviction and sentence.
*429 Perkins filed a timely pro se motion for post-conviction relief on June 22, 2016. When prompted to list all known claims for vacating, setting aside, or correcting his conviction and sentence, Perkins identified no known claims, and instead wrote "To be amended by appointed counsel." The motion court appointed the public defender as counsel for Perkins. The transcript of Perkins's guilty plea and sentencing was filed on July 29, 2016. By operation of Rule 24.035(g),[1] any amended motion was due by September 27, 2016.
On September 27, 2016, appointed counsel filed a statement in lieu of an amended motion pursuant to Rule 24.035(e). Counsel attested that he had reviewed plea counsel's files, the transcript from Perkins's guilty plea and sentencing, Perkins's pro se motion, and correspondence from Perkins. Based on this review, appointed counsel determined that there were no claims to be raised in an amended motion. Counsel also stated that he provided a copy of the statement to Perkins prior to filing.
On October 3, 2016, within ten days of appointed counsel's filing of the statement in lieu of an amended motion, Perkins filed a motion requesting an extension of time to file an amended motion, and also filed a pro se amended motion. Perkins's pro se amended motion asserted several claims for post-conviction relief from his underlying guilty plea, but did not expressly challenge the assertions in appointed counsel's statement in lieu of an amended motion. Relevant to this appeal, Perkins's pro se amended motion alleged his guilty plea was not voluntary because the plea court failed to advise him of the minimum and maximum sentences he could receive for Count I, and that he would have more than likely gone to trial had he known the range of punishment.
On October 13, 2016, the motion court granted Perkins's motion for an extension of time to file an amended motion and treated the pro se amended motion as timely filed. Following an evidentiary hearing, the motion court issued findings of fact and conclusions of law on Perkins's pro se amended motion. On Perkins's claim that his plea was involuntary because the plea court failed to inform him of the range of punishment, the motion court found that Perkins received the agreed upon sentence established by his plea agreement with the State. The motion court also found that Perkins understood the punishment he would receive per the plea agreement, and that he repeatedly stated he did not want to go to trial. Accordingly, the motion court held that Perkins was not prejudiced by the plea court's failure to inform him of the range of punishment. The motion court denied all other claims in Perkins's pro se amended motion, none of which are the subject of this appeal.
This timely appeal followed.
Standard of Review
"[R]eview of a denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." Roberts v. State , 276 S.W.3d 833, 835 (Mo. banc 2009). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." Id. "We presume that the motion court's findings and conclusions are correct, and *430 defer to the motion court's determinations of credibility." Simmons v. State , 502 S.W.3d 739, 741 (Mo. App. W.D. 2016) (quoting Porter v. State , 480 S.W.3d 455, 457 (Mo. App. W.D. 2016) ).
Analysis
Perkins asserts two points on appeal. In Point One, Perkins argues that the motion court clearly erred in failing to conduct an abandonment inquiry following appointed counsel's filing of a statement in lieu of an amended motion. In Point Two, Perkins maintains that the motion court clearly erred in denying the claim in his pro se amended motion that his plea was involuntary because the plea court failed to inform him of the range of punishment.
Point One
In his first point on appeal, Perkins contends that the motion court clearly erred in failing to conduct an abandonment inquiry following appointed counsel's filing of a statement in lieu of an amended motion.
Pursuant to Rule 24.035(e), when counsel is appointed to represent a postconviction movant, counsel "shall ascertain whether sufficient facts supporting the claims are asserted in the [pro se ] motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence." Following this investigation, "appointed counsel must file either an amended motion to compensate for any deficiencies in the pro se motion or, in the alternative, a statement explaining the actions counsel took to ensure that no amended motion is needed." Vogl v. State , 437 S.W.3d 218, 226 (Mo. banc 2014). "If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion." Rule 24.035(e). In addition, "[t]he statement shall be presented to the movant prior to filing." Rule 24.035(e).
In Latham v. State , 554 S.W.3d 397, 399 (Mo. banc 2018), our Supreme Court recently held that postconviction counsel's failure "to file either an amended motion or a statement in lieu of an amended motion within the 60-day deadline in Rule 24.035(g) create[s] the presumption [that] postconviction counsel failed to comply with the postconviction rules and, thereby, abandoned [movant]." Latham did not hold, however, that the timely filing of a statement in lieu of an amended motion creates a presumption of abandonment.
Perkins concedes that his appointed counsel's statement in lieu of an amended motion was timely filed. We reject Perkins's suggestion that the mere filing of a timely statement in lieu of an amended motion creates a presumption of abandonment requiring an abandonment inquiry.
Perkins nonetheless argues that appointed counsel's statement in lieu, though timely filed, created a presumption of abandonment because it otherwise failed to comply with the requirements of Rule 24.035(e). "[W]hen the record raises a presumption of abandonment because appointed counsel has failed to comply with the requirements in Rule 24.035(e) ... a motion court must conduct a sufficient independent inquiry of a postconviction movant's claim of abandonment." Vogl , 437 S.W.3d at 229. But when the record refutes a claim of abandonment, "no independent inquiry is required of the motion court." Id. A claim of abandonment is refuted by the record, such that no inquiry is required, when appointed counsel complies with Rule 24.035(e) by "filing either an amended motion or a statement setting out *431 facts that demonstrate the actions that were taken to ensure that an amended motion is not needed." Id. at 228.
Here, appointed counsel timely filed a statement in lieu of an amended motion which, on its face, set out facts that demonstrate the actions that were taken to ensure that an amended motion was not needed. Appointed counsel's statement in lieu advised that appointed counsel had ascertained "that there are no claims to be raised in an amended motion, and there are no additional facts to be included in support [of] what [Perkins] has stated in his pro se motion to vacate, set aside, or correct judgment or sentence." In support of these assertions, appointed counsel noted that he had reviewed (i) plea counsel's files, (ii) the transcript of Perkins's plea and sentencing hearing, (iii) Perkins's pro se motion, and (iv) correspondence from Perkins. The statement in lieu also asserted that a copy of the statement had been provided to Perkins prior to its filing. The statement in lieu facially complied with the requirements of Rule 24.035(e), refuting a claim of abandonment.[2] Vogl , 437 S.W.3d at 228-29.
Perkins nonetheless complains on appeal that an abandonment inquiry was required by the record because appointed counsel did not have any in person conversations or discussions with Perkins before deciding to file a statement in lieu of an amended motion. However, Perkins never raised this concern with the motion court.[3] Even had he, the assertion would not have supported a claim of facial noncompliance with Rule 24.035(e). Although Rule 24.035(e) requires appointed counsel to ascertain whether a pro se motion includes all claims known to a movant, and to set forth the steps taken to do so, it does not address how those steps must be taken by appointed counsel. Relevant here, Rule 24.035(e) does not require appointed counsel to set out facts demonstrating that he or she spoke directly with a post-conviction movant in order to ascertain whether the pro se motion asserts all facts and/or claims known to a movant. Perkins's assertion that appointed counsel did not meet with *432 or talk to him directly fails to suggest facial noncompliance with the statement in lieu requirements imposed by Rule 24.035(e), where appointed counsel's statement in lieu asserts that he communicated with Perkins, in writing, as part of his investigation.
Perkins also claims that an abandonment inquiry was required by the record because his initial pro se motion asserted no claims at all, and instead indicated in the section where claims were to be asserted that the motion would "be amended by appointed counsel." That is immaterial, however, to whether appointed counsel facially complied with the requirements of Rule 24.035(e). Appointed counsel's statement in lieu of an amended motion set out facts demonstrating the actions taken in ascertaining that the pro se motion set forth all facts and claims known to the movant, and that there are no claims to be raised in an amended motion. The statement in lieu of an amended motion was not rendered facially deficient merely because Perkins's initial pro se motion asserted no claims.
Finally, Perkins alternatively argues that the pro se amended motion he filed within ten days of the statement in lieu of an amended motion necessitated an abandonment inquiry. Perkins argues that his pro se amended motion constituted the reply to a statement in lieu of an amended motion authorized by Rule 24.035(e), and that when a reply is filed, an abandonment inquiry is required. We disagree.
Rule 24.035(e) provides movants with recourse to challenge a statement in lieu of an amended motion. After discussing what a statement in lieu must address, the last sentence of Rule 24.035(e) provides that "[t]he movant may file a reply to the statement not later than ten days after the statement is filed." Beyond characterizing the reply as a reply to the statement in lieu , Rule 24.035(e) is otherwise silent with respect to the purpose of the reply, and with respect to the required content of a reply. And Rule 24.035(e) is silent with respect to the obligation imposed, if any, on the motion court if a timely reply is filed.
Our Supreme Court recently addressed these issues in Latham , 554 S.W.3d at 397. Latham described a statement in lieu of an amended motion as "the mechanism by which postconviction counsel informs the motion court of counsel's determination that an amended motion is unnecessary because, through counsel's actions, postconviction counsel believes all facts and claims known to the movant are included in the pro se motion." Id. at 402.
Such notice [referring to appointed counsel's obligation to present the movant with a copy of the statement in lieu before it is filed] is also a prerequisite to providing the movant a chance to file a reply. The reply gives the movant an opportunity to respond to postconviction counsel's assertions that all facts and claims known to the movant are included in the pro se motion . Inherent in giving a movant the opportunity to respond to the statement in lieu of an amended motion is the possibility the movant has additional facts or claims that would necessitate the filing of an amended motion. Therefore, the purpose of a reply is to ensure no amended motion is actually necessary .
Id. at 404 (emphasis added). Latham thus holds that the reply authorized by Rule 24.035(e) must respond to the assertions in a statement in lieu of an amended motion, and that if a qualifying reply is filed, the motion court must then determine whether the filing of an amended motion is necessary because postconviction counsel failed to comply with the obligations for filing a *433 statement in lieu set forth in Rule 24.035(e).[4]
This conclusion is reinforced by the remedy afforded in Latham . Because the statement in lieu was untimely in Latham , the Court remanded the postconviction case, and held that "[i]f the motion court [determines that the movant was abandoned and] treats the statement in lieu of an amended motion as timely filed, the motion court must also consider Mr. Latham's reply to postconviction counsel's statement in lieu of an amended motion ." Id. at 405 (emphasis added).
After considering the statement in [ ] lieu of the amended motion and Mr. Latham's reply, the motion court must determine whether Mr. Latham's pro se motion could have been made legally sufficient by amendment or whether there were other grounds for relief known to Mr. Latham not included in his initial pro se motion. If so, the motion court must direct postconviction counsel to file an amended motion within the time allotted by the motion court.
Id. at 406.
Importantly, although Latham concluded that the late filing of a statement in lieu of an amended motion requires an abandonment inquiry, it did not characterize consideration of a timely reply to a statement in lieu as an abandonment inquiry. Instead, Latham appears to have simply recognized that in order for the procedural opportunity to file a reply to have meaning, the filing of a timely reply imposes an obligation on the motion court to determine whether an amended motion is necessary because appointed counsel failed to abide by the requirements of Rule 24.035 before filing a statement in lieu. We reject Perkins's assertion that a timely reply to a statement in lieu of an amended motion requires an abandonment inquiry.
In any event, we reject Perkins's assertion that his pro se amended motion constituted the reply authorized by Rule 24.035(e). In Latham , the pro se pleading filed within 10 days of appointed counsel's (untimely) statement in lieu of an amended motion was also self-styled as a pro se amended motion, and asserted new claims of ineffective assistance of counsel. Id. at 406. However, Latham's self-styled pro se amended motion expressly alleged that the only reason the amended motion was being filed was because postconviction counsel "refused to amend [the pro se ] motion," and "did not send [Latham] a statement allowing him the opportunity to reply to it." Id. Latham thus held that "[t]he substance of [Latham's] 'amended motion,'
*434 therefore, establishes it is in reply to postconviction counsel's filing of the statement in lieu of an amended motion." Id. As such, although Latham's pleading was titled as a pro se amended motion, the Court held it should be treated as the reply authorized by Rule 24.035(e) because Missouri courts do not concern themselves with the title of pleadings, but instead with their content. Id. at 405-06. Latham would not have been required to engage in an analysis of the substance of Latham's pro se amended motion if a movant's filing of new claims during the reply period is enough, on its own, to qualify as the reply authorized by Rule 24.035(e). Latham's re-characterization of Latham's pleading based on its substance, and despite its title, confirms that a qualifying reply to a statement in lieu must expressly respond to, and thus challenge, appointed counsel's assertions in the statement in lieu.[5]
Perkins's pro se amended motion did not challenge appointed counsel's compliance with the statement in lieu requirements described in Rule 24.035(e). Perkins's pro se amended motion did not respond to postconviction counsel's assertions in the statement in lieu, the purpose of a reply recognized in Latham . Id. at 404. Perkins's pro se amended motion was not the reply authorized by Rule 24.035(e).
The trial court did not commit clear error in failing to conduct an abandonment inquiry after appointed counsel timely filed a facially sufficient statement in lieu of an amended motion. And because Perkins's pro se amended motion was not the reply authorized by Rule 24.035(e), the trial court was not obligated to consider the pleading as a reply in the manner directed by Latham .
Point One is denied.
Point Two
In Point Two, Perkins argues that the motion court clearly erred in denying the claim asserted in his pro se amended motion that his guilty plea was involuntary because the plea court failed to advise him of the mandatory minimum and maximum penalties for Count I, the charge to which he pleaded guilty.
Before addressing the merit of Perkins's point on appeal, we address the State's contention that the motion court had no authority to entertain Perkins's pro se amended motion because it was not timely filed. The State maintains that counsel's filing of a statement in lieu of an amended motion does not grant a post-conviction movant an additional ten days within which to file a pro se amended motion. Additionally, the State argues that the motion court had no authority to grant Perkins an extension of time to file an amended motion when the motion requesting an extension of time was filed after the time to file an amended motion had lapsed.
We agree with the State. Although Rule 24.035(e) authorizes the filing of a reply to a statement in lieu of an amended motion, we have already explained that Perkins's pro se amended motion is not the reply authorized by Rule 24.035(e), and that Latham did not authorize treating the mere assertion of new claims as the reply authorized by Rule 24.035(e).
*435 It is true that Perkins's pro se amended motion was accompanied by a motion for an extension of time to file the amended motion (which the trial court granted). However, by the time the motion for an extension of time was filed, the time to file an amended motion authorized by Rule 24.035 had expired. In 1990, the Missouri Supreme Court held that under then Rule 29.15(f), the discretion of the motion court to extend the time to file an amended motion must be exercised within the time the amended motion is initially due . Clemmons v. State , 785 S.W.2d 524, 527 (Mo. banc 1990).[6] Clemmons has been favorably cited and relied on by each of our appellate divisions. See Rutherford v. State , 192 S.W.3d 746, 749 n.4 (Mo. App. S.D. 2006) ; State v. Leisure , 810 S.W.2d 560, 575 (Mo. App. E.D. 1991) ; Pelton v. State , 794 S.W.2d 301, 302 n.1 (Mo. App. W.D. 1990). Under Clemmons , the motion court had no authority to grant Perkins's October 3, 2016 motion for an extension of time to file an amended motion because the initial time period to file an amended motion expired on September 27, 2016.[7] Latham reinforced the Supreme Court's staunch position that the deadlines for filing postconviction motions are mandatory. 554 S.W.3d at 404 ("This Court has repeatedly held the time limitations on postconviction relief motions are mandatory and cannot be extended by the motion court.") (citing Gittemeier v. State , 527 S.W.3d 64, 68 (Mo. banc 2017) ).
Thus, the motion court should not have granted Perkins's motion for an extension of time to file an amended pro se motion, and should not have addressed the merits of the new claims raised in the untimely pro se amended motion. Instead, the only matter properly before the motion court after appointed counsel timely filed a facially compliant statement in lieu of an amended motion was Perkins's original pro se motion--a motion that asserted no claims at all.
Although the motion court should not have determined the claims raised in Perkins's pro se amended motion, the motion court nonetheless arrived at the right result when it denied Perkins postconviction *436 relief, as no claim for postconviction relief was asserted in the original pro se motion. We are permitted to affirm the motion court's judgment denying Perkins postconviction relief on a legal ground supported by the record, as the motion court arrived at the right result, albeit for the wrong reason. Hill v. State , 400 S.W.3d 917, 919 (Mo. App. S.D. 2013) (citing Greene v. State , 332 S.W.3d 239, 246 (Mo. App. W.D. 2010) ).
Point Two is denied.
Conclusion
The judgment of the motion court is affirmed.
All concur

All references to rules are to Missouri Court Rules, Volume I -- State, 2016 unless otherwise indicated.

During oral argument, Perkins's counsel referred this court to two cases: Brown v. State , 968 S.W.2d 725 (Mo. App. E.D. 1998) and Moore v. State , 934 S.W.2d 289 (Mo. banc 1996). Perkins argued both cases require an abandonment hearing when appointed counsel's statement in lieu of an amended motion fails to confirm conversations have taken place with the movant prior to the filing of the statement. We disagree. In Moore , the statement in lieu was found to be tantamount to a confession of abandonment, as appointed counsel's statement indicated that appointed counsel "reviewed the file 'with the exclusion of the transcripts of the guilty plea hearing, the sentencing hearing ..., and movant's pro se motion....' " Moore , 934 S.W.2d at 292. The Court in Moore deemed this to be facial noncompliance with the requirements of Rule 24.035(e), requiring an abandonment inquiry. Id. (noting that "the statement filed by post-conviction counsel shows on its face that counsel took neither of the two actions required by Rule 24.035(e) (emphasis in original)). In contrast, the statement filed by Perkins's appointed counsel facially complied with the requirements of Rule 24.035(e). In Brown v. State , the State conceded that a statement in lieu failed to facially comply with the requirements of Rule 24.035(e) when the statement failed to include an assurance that a copy of the statement had been provided to the movant before it was filed. 968 S.W.2d at 727. Although the court in Brown also referred to the statement's failure to explain counsel's reasons for failing to communicate with the movant prior to filing the statement, the State's concession that the statement in lieu failed to facially comply with Rule 24.035(e)'s requirements negated the need for the court to engage in any analysis regarding whether such an explanation is facially required by the Rule.

Perkins did not make this claim in the pro se amended motion he filed within 10 days of appointed counsel's filing of a statement in lieu of an amended motion.

If a movant fails to file a timely reply to a statement in lieu of an amended motion, any later attempt by the movant to contend that additional claims or facts known to the movant were made known to, but not raised by, postconviction counsel in an amended motion would remain subject to settled law deeming the contention a noncognizable claim of ineffective assistance of postconviction counsel. See, e.g., Barton v. State , 486 S.W.3d 332, 339 (Mo. banc 2016) (holding that claim of abandonment based on movant's contention that postconviction counsel's amended motion failed to raise other claims known to movant "is not a claim that is cognizable in Missouri courts"); Riley v. State , 364 S.W.3d 631, 637 (Mo. App. W.D. 2012) ("Under Rule 29.15(e) ... counsel is entitled to exercise his or her reasonable professional judgment to determine what level of inquiry is necessary to ensure that all viable postconviction claims ... are properly presented."); Logan v. State , 377 S.W.3d 623, 627 (Mo. App. W.D. 2012) ("[R]eview of whether [post-conviction counsel] should have filed an amended motion with supplemental claims [instead of a statement pursuant to Rule 24.035(e) ] is beyond the scope of the analysis on the issue of abandonment and constitutes an unreviewable post-conviction ineffective assistance of counsel claim.") (alterations in original) (quoting Dean v. State , 314 S.W.3d 402, 407 (Mo. App. S.D. 2010) ).

To conclude otherwise, would permit a movant to file an untimely pro se amended motion even if the movant does not contend that appointed counsel failed to perform Rule 24.035(e)'s requirements for filing a statement in lieu of an amended motion. To conclude otherwise would also render meaningless the "determination" a motion court is directed to make following a timely reply, as the mere filing of new claims in a pro se amended motion would be self-proving of the fact that there were other facts or claims known to the movant. We do not read Latham so broadly.

Clemmons v. State , 785 S.W.2d 524 (Mo. banc 1990), interpreted language in then Rule 29.15(f) that is identical to the language in Rule 29.15(g) allowing a motion court to extend the time for filing an amended motion, and Rule 29.15(g) is identical to Rule 24.035(g). See Vogl , 437 S.W.3d at 224 n.7.

We recognize that the Eastern District has since cited the Southern District to authorize a motion court's grant of an extension of time requested by appointed counsel after the time to file an amended motion has expired, "as long as the amended motion was ultimately filed within the [authorized] extension period." Federhofer v. State , 462 S.W.3d 838, 841 (Mo. App. E.D. 2015) (citing Volner v. State , 253 S.W.3d 590, 592 (Mo. App. S.D. 2008) (approving of request filed five days after initial time limit when request and amended motion were both filed "well within the thirty-day extension period")). Inexplicably, neither Federhofer nor Volner address Clemmons . Regardless, it is noteworthy that both cases involved requests for extensions of time filed by appointed counsel. Perhaps the results reached in Federhofer and Volner aimed to collapse what would otherwise have been the remedy for abandonment predicated on the filing of an untimely amended motion--treating the untimely motion as timely filed. See Williams v. State , 503 S.W.3d 301, 303 (Mo. App. W.D. 2016). Whatever the explanation, we are bound by Clemmons , and do not read Federhofer and Volner to authorize a pro se movant to request an extension of time to file a pro se amended motion after the time to file either an amended motion or a statement in lieu has expired. A pro se movant is not entitled to an amended motion as a matter of law under Rule 24.035. Instead, where appointed counsel elects to file a statement in lieu of an amended motion, a pro se movant's remedy is limited to filing a qualifying reply pursuant to Rule 24.035(e), at which point the motion court must determine whether an amended motion is required.