

# Missouri Court of Appeals

### Southern District

### Division Two

SHAWN HENRY SCRIVENS,         )
)
        Movant-Appellant,        )
)
        v.                )        No. SD36905
)
STATE OF MISSOURI,         )        **Filed: September 2, 2021**
)
        Respondent-Respondent.    )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Circuit Judge

**<u>AFFIRMED</u>**

Shawn Henry Scrivens ("Movant") pled guilty to one count of unlawful possession of a firearm,[1] and subsequently filed a Rule 24.035 motion claiming that his plea was involuntary, unknowing and unintelligent because he was not receiving adequate medical care in the county jail while awaiting trial and thus was forced to plead

---

[1] Movant was also charged with one count of unlawful use of a weapon, which was dismissed as part of the plea.

guilty to get medical treatment.[2]  He now raises the same claim in this appeal.  The

motion court set forth the following colloquy at the plea hearing concerning the

voluntariness of Movant's guilty plea in its findings of fact and conclusions of law:[3]

> [The Court].  All right. Are you pleading here today because of the care, or the lack of care, you've received in the jail, or on the other hand are you pleading guilty because you believe you are guilty?
>
> [Movant].  Do you want to know the truth or do you want me --
>
> [The Court].  I want you to tell me the truth.
>
> [Movant].  The reason why – there's a reason why I'm trying -- I mean, I have no medical care here at all, period. I have not.
> I am not withdrawing the plea, sir. I'm just stating that something has to be done about my medical treatment.
>
> [The Court].  Well, my job, at least part of my job with respect to this hearing here today, is to make sure that before I allow you to plead guilty that your plea is voluntary.
>
> [Movant].  I am voluntary.

---

[2] We have independently reviewed the timeliness of Movant's motions for post-conviction relief.  *See Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015); *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012).  Movant's *pro se* motion was filed timely; Movant's motion for a second extension to file an amended motion was filed on December 23, 2019, before the expiration of the first extension on December 30, 2019, but the motion court did not actually grant the motion for the second extension until January 17, 2020, which was after the expiration of the first extension; and Movant's amended motion actually was filed on January 29, 2020, which was the last day of the second extension as granted by the motion court. There appears to be a split of authority in the districts of this Court as to whether Movant's amended motion was filed timely.  Based on our published decisions, we and the Eastern District would find the amended motion was filed timely because the amended motion was filed within the second extension as belatedly granted while the Western District, based on our Supreme Court's decision in *Clemmons v. State*, 785 S.W.2d 524 (Mo. banc 1990), apparently would find the amended motion untimely because the motion court's discretion to extend the time to file an amended motion must be exercised within the time the amended motion currently is due.  *See Perkins v. State*, 569 S.W.3d 426, 434-36, 435 n.7 (Mo.App. W.D. 2018).  We adhere to our resolution of this issue and find Movant's amended motion was filed timely. Further, even under the Western District's analysis in *Perkins*, a remand for an abandonment inquiry would not be necessary as appointed counsel did not abandon Movant (rather the motion court failed to act until after the first extension expired), *see Borschnack v. State*, 614 S.W.3d 561, 569 & n.6 (Mo.App. S.D. 2020), and we believe the substance of Movant's claims in his *pro se* motion was incorporated into his amended motion and adjudicated by the motion court in its adjudication of Movant's amended motion.  *See Brunnworth v. State*, 583 S.W.3d 505, 507 n.5 (Mo.App. E.D. 2019).

[3] The judge who accepted the guilty plea also denied the Rule 24.035 motion.

[The Court]. And if I think that you're pleading guilty just to desperately get out of jail because you have to get out of this place to protect your health --

[Movant]. I just need to make you aware.

[The Court]. -- then I'm going not going to accept your plea because it wouldn't be voluntary under those circumstances.
On the other hand, if you're simply wanting to tell me about these conditions, which I will be glad to pass along your complaints --

[Movant]. That's why I'm --

[The Court]. -- but it's not having any effect on your plea of guilty. That's a different situation. Is that what you're wishing to do?

[Movant]. I'm wishing to go forward with my plea.

[The Court]. All right.

[Movant]. I would -- sorry.

[The Court]. Let me ask you a different way. Let's assume that you were completely satisfied with all the care that you have received while in jail, okay?

[Movant]. Yes.

[The Court]. Would you still be pleading guilty here today?

[Movant]. Yes.

[The Court]. And that's because you believe that you are guilty; is that correct?

[Movant]. Yes.

The motion court then stated:

The Court finds credible Movant's testimony at the plea hearing that he was pleading guilty because he believed he was guilty and not because of the lack of medical treatment. The Court finds that Movant's guilty plea was knowing and voluntary. Relief under Claim 8(a) is denied.

We review a judgment overruling a Rule 24.035 motion to determine if the court's findings of fact and conclusions of law are clearly erroneous. ***Booker v. State***, 552 S.W.3d 522, 526 (Mo. banc 2018). The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, this Court is left with a definite and firm impression that a mistake was made. ***Id.***; ***Young v. State***, 606 S.W.3d 237, 239-40 (Mo.App. S.D. 2020).

While it is true that during the plea hearing Movant complained about his medical treatment at the jail, it is also true that the court responded by conducting an intensive and thorough investigation into whether Movant would have pled guilty even if he had no complaints about his medical treatment in the jail.[4] The plea judge made it clear that he would not accept a guilty plea unless he believed Movant was telling the truth and that the court was convinced that Movant was in fact making a voluntary plea. Movant assured him more than one time that he was pleading guilty voluntarily, and that, even if he had received adequate medical care, he would plead guilty.

The findings of fact and conclusions of law of the motion court's judgment are not clearly erroneous. We are not left with a definite and firm impression that a mistake was made.

The point is denied; the judgment is affirmed.

Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, C.J. – Concurs

Don E. Burrell, J. – Concurs

---

[4] In fact, we would be hard-pressed to find an examination of a movant that could have been more thorough. The motion court did not appear to rush or coerce Movant at any time during the plea hearing and appeared to be perfectly willing to deny the plea if it were not satisfied that the plea was voluntary.