In the
 Missouri Court of Appeals
 Western District

 
 CEDRIC DEWAYNE MACK, 
  WD84140
 Appellant,  OPINION FILED:
 v. 
  November 23, 2021
 STATE OF MISSOURI, 
 
 Respondent. 
 
 

 Appeal from the Circuit Court of Harrison County, Missouri
 The Honorable Thomas R. Alley, Judge

 Before Special Division:
 Mark D. Pfeiffer, P.J., Alok Ahuja, and Thomas N. Chapman, JJ.

 Cedric Mack appeals the judgment of the Harrison County Circuit Court denying his

amended Rule 29.15 motion for post-conviction relief after an evidentiary hearing. Because the

amended motion was not timely filed, the motion court did not conduct an abandonment inquiry,

and the motion court failed to make findings of fact and conclusions of law, the judgment is

reversed, and the cause is remanded with directions.

 Factual and Procedural Background

 Mack was convicted of the Class D felony of driving while intoxicated for operating a

motor vehicle while under the influence of alcohol on October 21, 2016. On April 20, 2017,

Mack was sentenced as a prior and persistent offender to four years’ imprisonment. This court
affirmed his conviction on direct appeal in State v. Mack, 560 S.W.3d 29 (Mo. App. W.D. 2018),

and issued its mandate on December 5, 2018.

 Mack timely filed his pro se motion for post-conviction relief on January 14, 2019,

raising a single claim: “I did [sic] have a fair trial overruling the motion to suppress my

statements.” In stating the facts to support his claim, Mack stated, in pertinent part, that he made

incriminating statements as a result of an interrogation. Nothing in the record showed that the

motion court appointed counsel. On March 4, 2019, counsel entered an appearance. On May 2,

2019, 59 days later, counsel requested a 30-day extension to file an amended motion. On May 6,

2019, 63 days after counsel had entered an appearance, the motion court granted the request for a

30-day extension to file an amended motion. Counsel filed the amended motion on June 3, 2019,

91 days after both the mandate was issued and counsel entered an appearance. The amended

motion raised three claims of ineffective assistance of trial counsel: (1) “failing to file and

litigate prior to trial a motion to suppress the evidence obtained as fruits of law enforcement’s

stop of Movant’s vehicle without reasonable suspicion”; (2) “failing to investigate and obtain

evidence of Movant’s prior injuries and to present such evidence in a motion to suppress the gaze

nystagmus and one-leg stand test or, in the alternative, to present at trial evidence of Movant’s

prior injuries”; and (3) “failing to investigate, obtain and present at trial evidence of the

inventory of Movant’s vehicle.”

 The motion court conducted an evidentiary hearing. The trial transcript, videotape of the

arresting officer’s stop of Mack, and trial counsel’s affidavit were entered into evidence, and the

motion court took judicial notice of the underlying criminal file, exhibits, and direct-appeal case.

The motion court entered its judgment denying Mack’s Rule 29.15 motion on July 8, 2020. It

did not issue findings of fact or conclusions of law.

 2
 On July 29, 2020, Mack’s counsel filed a motion to amend the judgment pursuant to Rule

78.07(c) alleging that the judgment did not address all issues presented in the amended motion to

allow meaningful review on appeal and asking the motion court to amend the judgment to

adequately comply with the requirements of Rule 29.15(j) to “issue findings of fact and

conclusions of law on all issues presented.” The motion further alleged that Mack had submitted

evidence in support of his first two claims of the amended motion, but conceded that he did not

present evidence on his third claim. The motion court did not rule on the motion to amend the

judgment. This appeal by Mack followed.

 Points on Appeal

 Mack raises two points on appeal challenging the motion court’s denial of his Rule 29.15

motion for post-conviction relief. In his first point, he claims that he received ineffective

assistance of counsel when his trial counsel failed to file a motion to suppress the evidence

derived from the arresting officer’s investigatory stop because the officer did not have reasonable

suspicion to justify the stop. In his second point, Mack asserts that the motion failed to comply

with the mandate of Rule 29.15(j) that findings of fact and conclusions of law be made on all

issues presented.

 Standard of Review

 Appellate review of a motion for post-conviction relief is limited to a determination of

whether the motion court’s findings and conclusions are clearly erroneous. Rule 29.15(k);

Watson v. State, 536 S.W.3d 716, 717 (Mo. banc 2018). Findings and conclusions are clearly

erroneous only if, after reviewing the entire record, the appellate court is left with the definite

and firm impression that a mistake has been made. Watson, 536 S.W.3d at 717. “The filing

deadlines for postconviction relief are mandatory, and cannot be waived.” Id. (internal quotes

 3
and citation). When a post-conviction relief motion is untimely, the motion court should not

reach the motion’s merits. Id.

 Timeliness of the Amended Motion

 Before reaching the merits of Mack’s first point on appeal, this court must first examine

the timeliness of his amended motion for post-conviction relief. Moore v. State, 458 S.W.3d 822,

826 n.4 (Mo. banc 2015); Earl v. State, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021); Johnson v.

State, 613 S.W.3d 512, 515 (Mo. App. E.D. 2020). The State argues that because the motion

court did not grant the motion for an extension to file an amended motion until after the initial

deadline for filing the amended brief had passed, the amended motion filed thereafter was

untimely, and the cause must be remanded for an abandonment inquiry.

 Rule 29.15 was amended, effective January 1, 2018. Which version of Rule 29.15

applies is addressed in Rule 29.15(m), which indicates that “[i]f sentence was pronounced prior

to January 1, 2018, postconviction relief shall continue to be governed by the provisions of Rule

29.15 in effect on the date the motion was filed or December 31, 2017, whichever is earlier.” In

this instant matter, Mack was sentenced on April 20, 2017, and his initial motion pro se motion

was filed on January 14, 2019. Even though Mack’s initial pro se motion was filed on January

14, 2019, the version of Rule 29.15 in effect on December 31, 2017, applies. All references

herein therefore refer to the version of Rule 29.15 in effect through December 31, 2017.

 The 2017 version of Rule 29.15(g) stated the following:

 If an appeal of the judgment sought to be vacated, set aside, or corrected is taken,
 the amended motion shall be filed within 60 days of the earlier of the date both the
 mandate of the appellate court is issued and:

 (1) Counsel is appointed, or
 (2) An entry of appearance is filed by any counsel that is not appointed but enters
 an appearance on behalf of movant.

 4
 The court may extend the time for filing the amended motion for one additional
 period not to exceed 30 days.

 “The untimely filing of an amended motion by postconviction counsel creates a

presumption of abandonment.” Watson, 536 S.W.3d at 719. If the amended motion is untimely,

the motion court must conduct an independent inquiry into the reason for the untimeliness to

determine if abandonment occurred before considering the claims and evidence presented in the

amended motion. Moore, 458 S.W.3d at 825; Earl, 628 S.W.3d at 699; Johnson, 613 S.W.3d at

515. If the motion court finds that a movant has not been abandoned, it should not permit the

filing of the amended motion and adjudicate the initial motion only; if the motion court

determines that the movant was abandoned by counsel’s untimely filing of the amended motion,

the court must permit the untimely filing. Moore, 458 S.W.3d at 825-26. The motion court must

make a sufficient record of the inquiry. Earl, 628 S.W.3d at 699; Johnson, 613 S.W.3d at 515. If

the motion court did not conduct an inquiry or no record to review such inquiry was made, the

judgment must be reversed and the case remanded because the motion court is the appropriate

forum to conduct an abandonment inquiry. Moore, 458 S.W.3d at 826; Earl, 628 S.W.3d at 699;

Johnson, 613 S.W.3d at 515. An exception to this rule applies if the motion court adjudicated all

of the claims in both the pro se and amended motions with written findings of fact and

conclusions of law, making a remand unnecessary. Childers v. State, 462 S.W.3d 825, 828 (Mo.

App. E.D. 2015). However, if the claims in the pro se motion were not adjudicated, the movant

did “not receive[] the process that justice requires.” Moore, 458 S.W.3d at 826 n.3.

 “[T]he discretion of the motion court to extend the time to file an amended motion must

be exercised within the time the amended motion is initially due.” Perkins v. State, 569 S.W.3d

426, 435 (Mo. App. W.D. 2018) (citing Clemmons v. State, 785 S.W.2d 524, 527 (Mo. banc

 5
1990)). See also Earl, 628 S.W.3d at 699 (“Though the motion court granted an extension, the

motion court lacked discretion to rule on the motion at this late date [outside sixty-day time

period to file an amended motion].”); Rutherford v. State, 192 S.W.3d 746, 749 n.4 (Mo. App.

S.D. 2006) (“In order for the court to have jurisdiction to extend the deadline,…the request for

the extension and the exercise of the motion court’s discretion to grant the request must be made

within the initial 60-day time period.”).

 In this case, counsel entered an appearance on March 4, 2019, after this court issued its

mandate. Mack’s amended motion was, therefore, due 60 days later, on May 3, 2019. Counsel

requested a 30-day extension to file an amended motion on May 2, 2019, within the 60-day time

period to file the amended motion. The motion court, however, did not rule on the extension

request until May 6, 2019, outside the 60-day time period to file an amended motion. Though

the motion court granted an extension, it lacked discretion to rule on the request at that late date,

and the due date for the amended motion remained May 3, 2019. Thus, the amended motion,

filed on June 3, 2019, was not timely.1 See Earl, 628 S.W.3d at 699; Perkins, 569 S.W.3d at 435.

 Mack’s opening brief did not acknowledge the timeliness issues concerning the amended

motion (merely stating in the statement of facts that the amended brief was timely filed on June

3, 2019), or address the fact that the motion court had failed to conduct an abandonment inquiry.

Although the State raised these issues in its respondent’s brief, Mack did not file a reply brief to

respond to these issues. Instead, Mack’s counsel filed a supplemental authority letter on October

26, 2021—more than two months after the filing of the State’s brief, and just two weeks before

1
 If the motion court had timely granted the 30-day extension, the amended motion filed on June 3, 2019, would
have been timely. While thirty days after the original due date of May 3, 2019, was June 2, 2019, the motion would
not have been due until the next day because June 2 was a Sunday. Rule 44.01(a).

 6
argument—which cited to two cases: Borschnack v. State, 614 S.W.3d 561 (Mo. App. S.D.

2020); and Scrivens v. State, 630 S.W.3d 917 (Mo. App. S.D. 2021). Counsel’s supplemental

authority letter provided no explanation of the relevance of these cases, other than to state that

counsel had concluded, “following a review of the State’s Respondent’s Brief,” that she “may

mention [them] during argument.”

 Although it may not be strictly required by the Supreme Court Rules, where new

arguments are raised in a respondent’s brief, the better practice is for the appellant to file a reply

brief to respond to those new arguments. A supplemental authority letter filed well after a reply

brief would have been due, and which merely lists additional citations with no further

explanation, is no substitute for a timely filed reply brief.

 In any event, the cases that Mack’s counsel belatedly cited do not alter the outcome. In

Borschnack, the Southern District held that the deadline for appointed counsel to file an amended

motion never began to run, because, although the circuit court entered an order appointing the

public defender to represent the movant, the court never notified counsel of the appointment.

614 S.W.3d at 569. In the present case, the deadline for the filing of Mack’s amended motion

does not depend on the appointment of counsel. There is no record in this case that the motion

court ever formally appointed the public defender to represent Mack in this post-conviction

proceeding. Instead, a public defender entered her appearance on Mack’s behalf on March 4,

2019. Under the 2017 version of Rule 29.15(g)(2), the amended motion was required to be filed

within 60 days of the date on which “[a]n entry of appearance [was] filed by any counsel that

[was] not appointed.” Thus, unlike in Borschnack, despite the lack of any appointment or notice

of an appointment, the time for the filing of Mack’s amended motion undoubtedly began to run

on March 4, 2019.

 7
 Nor is Scrivens controlling here. In a lengthy footnote, Scrivens refuses to follow

decisions of this District of the Court of Appeals, which has held that a motion court has no

authority to grant an extension of time to file an amended motion after the initial filing period

has expired. 630 S.W.3d at 918 n.2. Scrivens instead held that a motion court may belatedly

grant an extension. Id. The court claimed that it reached this result “[b]ased on our published

decisions,” and on similar decisions of the Eastern District, although it did not cite any such

decisions. Id. Scrivens also failed to acknowledge the Southern District’s own prior decision in

Rutherford, 192 S.W.3d 746, or the Eastern District’s decision in Earl, 628 S.W.3d 695, both of

which reach the same result we do here. The footnote in the Scrivens case does not persuade us

to depart from the holdings of prior cases from all three appellate districts, which follow the

mandate of the Missouri Supreme Court’s decision in Clemmons, 785 S.W.2d 524.

 Nothing in the record indicates that the motion court made findings regarding the

timeliness of the amended motion or conducted an abandonment inquiry. Nor does the exception

in Childers apply because the motion court expressly acknowledged and adjudicated only the

amended motion, and Mack’s pro se motion contained a claim that was not contained in the

amended motion. Accordingly, the judgment is reversed, and the case is remanded for the

motion court to conduct an abandonment inquiry and for further proceedings consistent with the

outcome of that inquiry.

 Lack of Findings of Fact and Conclusions of Law

 We are required to reverse and remand this case to the motion court due to its failure to

acknowledge the untimeliness of Mack’s amended motion, and its consequent failure to conduct

an abandonment inquiry. Because the issue may recur on remand, we remind the motion court

that, whether it ultimately concludes that Mack’s pro se or amended motion is the operative

 8
pleading, under Rule 29.15(j) the court must issues findings of fact and conclusions of law

explaining the basis for its resolution of Mack’s claims. Mack raises this issue in his second

point on appeal, and the State concedes that the judgment must be reversed, and the case

remanded, for this reason.

 Rule 29.15(j) provides, in pertinent part, that “[t]he court shall issue findings of fact and

conclusions of law on all issues presented, whether or not a hearing is held.” “The rule is not

ambiguous in this directive, and its requirements are not a mere formality.” Morse v. State, 620

S.W.3d 117, 119 (Mo. App. W.D. 2021). “While there is no precise formula to which findings of

fact and conclusions of law must conform, they must address all of the issues raised and be

sufficiently specific to allow for meaningful appellate review.” Id. (internal quotes and citation

omitted). See also Barry v. State, 850 S.W.2d 348, 350 (Mo. banc 1993). “A mere recital or

statement that the motion, files and records conclusively show that movant is entitled to no relief

will not constitute compliance with [Rule 29.15(j)]. Nor will findings and conclusions be

supplied by implication from the trial court’s ruling.” Barry, 850 S.W.2d at 350 (internal quotes

and citation omitted). The failure to issue findings and conclusions may be excused in certain

limited circumstances. Morse, 620 S.W.3d at 119.

 The body of the motion court’s judgment provided, in its entirety:

 JUDGMENT
 THE ABOVE-CAPTIONED CAUSE being taken up for hearing and
 disposition on Movant’s Amended Motion to Vacate, Set Aside or Correct
 Judgment and Sentence Under Rule 29.15 on the 20th day of February, 2020.
 Movant appears in person and by Attorney Susan A. Faust. Respondent appears
 by Harrison County Prosecuting Attorney, Johnathon L. Meyer. Evidence is
 adduced and the record is left open for the submission of an Affidavit by
 Movant’s counsel. Said Affidavit is received by the Court February 25, 2020.
 The Court taking into consideration the evidence adduced, the record before the
 court, and all arguments of counsel, is duly advised in the premises.

 9
 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the
 Movant’s Amended Motion to Vacate, Set Aside, or Correct Judgment and
 Sentence Under Rule 29.15 is hereby denied.
 IT IS SO ORDERED.

The judgment did not contain any findings of fact or conclusions for law for Mack’s three claims

in the amended motion. It provided this court with no basis for meaningful appellate review. To

review the motion court’s judgment would require this court to furnish findings of fact and

conclusions of law by implication, thereby engaging in de novo review, which is not permitted

under Rule 29.15(k). Morse, 620 S.W.3d at 119. Therefore, under Rule 29.15(j), on remand the

motion court must issue findings of fact and conclusions of law on the claims in Mack’s pro se

motion or his amended motion, whichever the motion court adjudicates after its abandonment

inquiry.2

 Mack’s second point is granted, and the case is remanded to the motion court for findings

of fact and conclusions of law under Rule 29.15(j).

 Conclusion

 The judgment is reversed, and the case is remanded to the motion court for further

proceedings consistent with this opinion.

 Thomas N. Chapman, Judge

All concur.

2
 If after the abandonment inquiry, the motion court permits the untimely filing of the amended motion, one
exception to the rule requiring findings and conclusions may apply to one of Mack’s claims in his amended motion.
Under the exception, findings of fact and conclusions of law are not required on an allegation where the motion
court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support
the allegation. Crews v. State, 7 S.W.3d 563, 568 (Mo. App. E.D. 1999). Mack conceded in his motion to amend
the judgment that he failed to present evidence at the hearing to support a third claim in his amended motion (that
trial counsel was ineffective for failing to investigate, obtain, and present at trial evidence of the inventory of
Mack’s vehicle). Because we are reversing the judgment and remanding the case for an abandonment inquiry, we
do not decide whether Mack effectively relinquished the third claim in his amended motion.

 10