

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| RALPH B. JONES, | ) | No. ED109545 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis City |
| v. | ) | Cause No. 1722-CC10780 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Thomas C. Clark II |
| | ) | |
| Respondent. | ) | Filed: April 26, 2022 |

### Introduction

Ralph Baby Jones appeals from the circuit court's order and judgment denying his Rule 29.15 motion for postconviction relief following an evidentiary hearing. We do not reach the merits of Jones's appeal because the record shows that Jones did not file his amended Rule 29.15 motion within the time required by the Rules. Rather, one day after the amended motion was due, Jones's postconviction counsel filed a request for an extension of time to file his amended motion. This rendered Jones's November 6, 2017 amended motion untimely because the circuit court was without discretion to grant Jones an extension of time to file the amended motion after the deadline to file the amended motion had passed.

When an amended postconviction relief motion under Rule 29.15 is untimely, the circuit court must conduct an independent inquiry into abandonment. Because the record does not show

that the circuit court conducted an independent inquiry, we reverse and remand for an abandonment inquiry without addressing the merits of Jones's appeal.

**Factual and Procedural Background**

In 2014, the State charged Jones with assault in the second degree by means of a motor vehicle and leaving the scene of an accident. Following a jury trial, Jones was convicted of both charges. The circuit court subsequently sentenced Jones as a persistent offender to fifteen years for assault and five years for leaving the scene of an accident. On direct appeal, this Court affirmed Jones's convictions and sentences in *State v. Jones*, 519 S.W.3d 818, 821 (Mo. App. E.D. 2017).

On July 13, 2017, Jones timely filed his initial *pro se* Motion to Vacate, Set Aside or Correct Judgment or Sentence under Rule 29.15. Postconviction counsel entered his appearance on August 8, 2017. On October 11, 2017, postconviction counsel filed a request for an extension of time to file his amended motion, seeking an additional 30 days. On November 2, 2017, the circuit court granted that request. On November 6, 2017, postconviction counsel filed an amended motion raising three claims of ineffective assistance of trial counsel.

The circuit court held an evidentiary hearing on August 7, 2020, at which Jones presented the testimony of trial counsel and two other witnesses. On February 10, 2021, the circuit court issued findings of fact and conclusions of law denying Jones's amended motion. This appeal followed.

**Discussion**

Before reaching the merits of an appeal involving postconviction relief, we must first examine the timeliness of an amended motion. *Harley v. State*, 633 S.W.3d 912, 916 (Mo. App. E.D. 2021) (citing *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015), *Johnson v. State*, 613 S.W.3d 512, 515 (Mo. App. E.D. 2020)). "When postconviction counsel is appointed to an indigent

person, an amended motion seeking post-conviction relief filed beyond the deadline can constitute the 'abandonment' of the movant." *Id.* (citing *Moore*, 458 S.W.3d at 825). If a movant's amended motion is untimely, the movant is presumed to have been abandoned and the circuit court must conduct an independent inquiry into the reason for the untimely filing before considering the merits of the amended motion. *Id.* (citing *Moore*, 458 S.W.3d at 825, *Johnson*, 613 S.W.3d at 515).

Abandonment arises when the conduct of appointed postconviction counsel is "tantamount to a total default in carrying out the obligations imposed upon appointed counsel under the rules." *Bain v. State*, 407 S.W.3d 144, 147 (Mo. App. W.D. 2013). Abandonment by appointed counsel can extend the time limitation for filing an amended motion seeking postconviction relief. *Harley,* 633 S.W.3d at 916. "If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing." *Moore,* 458 S.W.3d at 826. But "[i]f the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Harley,* 633 S.W.3d at 917 (quoting *Moore,* 458 S.W.3d at 825). "The motion court must also make a sufficient record of the abandonment inquiry." *Id.* Upon review of the record, if this Court determines there has been no independent inquiry into abandonment, then we must reverse and remand for the circuit court to conduct the inquiry. *Id.* (quoting *Brown v. State,* 602 S.W.3d 846, 850 (Mo. App. E.D. 2020)).

This case is governed by the 2017 version of Rule 29.15, which addresses the timeline for filing amended motions for postconviction relief following a conviction after trial, and provides:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion or statement in lieu of an amended motion shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and: (1) Counsel is appointed, or (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

3

Rule 29.15(g) permits the circuit court to "extend the time for filing the amended motion or statement in lieu of an amended motion, with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days."

The Supreme Court of Missouri has directed that any motion for an extension of time under Rule 29.15 must be made *and* granted within the time that the amended motion is due. *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990). In *Clemmons*, the Supreme Court of Missouri interpreted a prior version of Rule 29.15 that permitted the circuit court to extend a movant's time to file the amended motion by an additional thirty days. *Id.* at 526-27. The movant's counsel requested an extension of time to file the amended motion four days after the amended motion was initially due. *Id.* at 527. In assessing whether such an untimely extension should be allowed, the Supreme Court noted that Rule 29.15 could arguably be read either way. *Id.* To clarify the ambiguity, the Supreme Court held that the circuit court's discretion to extend the time to file an amended motion must be *exercised* within the time in which the amended motion is due. *Id.* Thus, the circuit court has no authority to grant a request for an extension of time filed after the time to file the amended motion has passed. *Id.*; *see also Harley*, 633 S.W. 3d at 917; *Perkins v. State*, 569 S.W.3d 426, 435 (Mo. App. W.D. 2018). Though Rule 29.15 has been amended since *Clemmons*, the language regarding extensions remains substantially similar, with only the length and number of extensions having been updated. As a result, *Clemmons* remains the operative directive from the Supreme Court regarding extensions of time under Rule 29.15.

Here, postconviction counsel entered his appearance on August 8, 2017, making Jones's amended motion due on October 10, 2017. Jones's counsel filed a request for an extension on October 11, 2017—one day out of time. Because the extension request was not made until after the amended motion was due, the circuit court had no discretion to grant the extension or accept

4

the untimely amended motion without first conducting an independent inquiry into abandonment. *Clemmons*, 785 S.W.3d at 527; *Perkins*, 569 S.W.3d at 435; *Moore*, 458 S.W.3d at 825.

In the circuit court, Jones argued that though the original sixty-day time period in which to file the amended motion had elapsed, the circuit court could still grant an extension of time based on this Court's opinion in *Federhofer v. State*, 462 S.W.3d 838 (Mo. App. E.D. 2015). In *Federhofer*, the movant filed a request for a thirty day-extension of time to file her amended motion nearly two weeks after the due date. *Id.* at 841. The circuit court ultimately granted that extension and the movant filed his amended motion within the time allowed by the extension. *Id.* In rejecting the State's claims that the amended motion was untimely, this Court held "as long as the amended motion was ultimately filed within the extension period, it is immaterial that the request for that extension was filed after the initial sixty-day period." *Id.* (emphasis removed). In so holding, this Court relied on the Southern District case of *Volner v. State*, 253 S.W.3d 590, 592 (Mo. App. S.D. 2008), which affirmed a similar retrospective grant of a motion for extension of time. Under these precedents, Jones argued that the circuit court had the authority to grant his untimely requested extension. Jones is incorrect.

Both *Federhofer* and *Volner* are in direct contradiction of the Supreme Court's directive in *Clemmons*. *Clemmons* held that a request for an extension of time to file an amended motion must be made *and* granted within the time remaining to file the amended motion. 785 S.W.2d at 527. If the motion is not made *and* granted within the time remaining to file the amended motion, then any subsequently filed amended motion should be considered untimely and the circuit court should conduct an abandonment inquiry before proceeding to the merits. *Id.* Neither *Federhofer* nor *Volner* discussed or distinguished *Clemmons*, and neither opinion provided an analysis or rationale for their departure from *Clemmons*.

5

The Western District of this Court has previously noted the contradiction between *Clemmons* on the one hand and *Federhofer* and *Volner* on the other. In *Perkins v. State¸* 569 S.W.3d 426 (Mo. App. W.D. 2018), this Court stated in a footnote that it would not follow *Federhofer* or *Volner* because they were both at odds with *Clemmons*. *Id.* at 436 n.7. While noting the contradiction, the Court in *Perkins* opted not to overrule *Federhofer* and *Volner* because it was addressing a slightly different issue from those two cases—whether a *pro se* amended motion was untimely. We, however, are forced to address these two cases directly. To the extent that *Federhofer* and *Volner* permit a circuit court to grant a motion for extension of time for a Rule 29.15 amended motion after the time to file the motion has expired, they are inconsistent with the last directive on this issue from the Supreme Court of Missouri and should no longer be followed.[1]

Because Jones's motion for extension of time was neither made nor granted before the time to file his amended motion had passed, we must reverse the judgment of the circuit court and remand this matter to the circuit court for an abandonment inquiry. If the circuit court determines that the cause of the untimely filing was abandonment by counsel, then the court may accept the untimely filed amended motion.

### Conclusion

For these reasons, the judgment is reversed and the case is remanded for an independent inquiry into whether Jones was abandoned by his appointed counsel and for further proceedings consistent with this opinion.

---

[1] The circumstances in which this type of abandonment inquiry will be necessary appear to be coming to an end. A new revision of Rule 29.15 took effect on November 4, 2021. The new version of Rule 29.15 gives counsel 120 days to file the amended motion and prohibits any extension of time. As a result, situations like those at issue in this case, *Clemmons*, *Federhofer*, and *Volner* are unlikely to continue in the future.

_____

John P. Torbitzky, J.

Kurt S. Odenwald, P.J., and
Kelly C. Broniec, J., concur.

7