

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| TRAVON D. JOHNSON, | ) | No. ED110531 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1922-CC00524 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Steven R. Ohmer |
| | ) | |
| Respondent. | ) | Filed: February 7, 2023 |

### OPINION

Travon Johnson (Appellant) appeals from the motion court's judgment denying his amended Rule 29.15[1] motion for post-conviction relief after an evidentiary hearing. On direct appeal, this Court affirmed the trial court's judgment and sentences convicting him of first-degree assault, unlawful use of a weapon, and armed criminal action stemming from a drive-by shooting. *State v. Johnson*, 603 S.W.3d 371 (Mo. App. E.D. 2020). Both Appellant and the State of Missouri (State) raise a timeliness issue in the record that must be addressed before reaching the merits of the motion court's judgment denying the amended motion. Because the motion court has no authority to grant an extension to file an amended motion after the filing deadline has passed without first conducting an abandonment inquiry, Appellant's motion was untimely filed. We reverse and remand for an abandonment inquiry.

---

[1] All references to Rules are to Missouri Supreme Court Rules (2020).

## Background

The State charged Appellant with 17 different counts from incidents in August, September, and October 2014. After a jury trial, he was found not guilty on all counts related to the August incident, including murder, three counts of armed criminal action, unlawfully using a weapon, and first-degree assault. However, he was found guilty on all counts involving the September shooting which led to the October 1 police chase and Appellant's arrest. He was found guilty of three counts of first-degree assault, four counts of armed criminal action, unlawful use of a weapon, first-degree assault of a law enforcement officer, resisting a lawful stop, and resisting arrest, and was sentenced to a total of 90 years in prison. *Id.* at 375.

On appeal, this Court affirmed his convictions and sentence and the mandate was issued on July 16, 2020. *Id.* at 380. Although Appellant filed a motion to vacate, set aside or correct the judgment or sentence on March 6, 2019, counsel entered an appearance on Appellant's behalf on April 11, 2019, and filed a motion to hold his premature filing open pending conclusion of the direct appeal.

On July 20, 2020, Appellant filed a motion requesting additional time to file an amended motion to vacate, set aside or correct the judgment, which was due on or before September 14, 2020. See Rule 29.15(g) (amended motion due 60 days after both mandate is issued and counsel enters an appearance). However, on September 15, 2020, the motion court granted Appellant's request for a 30-day extension. Appellant filed an amended motion on October 14, 2020. The record does not indicate the court made an independent abandonment inquiry; the court merely concluded that "[t]he amended motion was timely filed on October 14, 2020." The motion court held an evidentiary hearing on July 9, 2021 and issued its judgment denying post-conviction relief on November 4, 2021. This appeal follows.

2

## Discussion

Appellant argues five points on appeal, each alleging the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief. However, both Appellant and the State address the timeliness of the amended motion's filing, which must be resolved before reaching the merits of this appeal. *Earl v. State*, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021).

An amended motion filed out of time creates a presumption of abandonment on the record that "counsel failed to comply with the rule." *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). If the amended motion was untimely filed, the motion court is required to conduct an independent inquiry into the reason for the untimely filing to determine if post-conviction counsel abandoned the movant, and make a sufficient record of the inquiry before considering the claims and evidence presented in the amended motion. *Id.* at 825; *Brown v. State*, 602 S.W.3d 846, 850 (Mo. App. E.D. 2020).

"Upon review of the record, if we determine there has been no independent inquiry into abandonment or no record for us to review such inquiry, then we must reverse and remand for the motion court to conduct this inquiry." *Brown*, 602 S.W.3d at 850 (*quoting Barber v. State*, 569 S.W.3d 556, 559-60 (Mo. App. E.D. 2019). This Court has a duty to enforce the mandatory timeliness in the post-conviction rules, but the motion court is the appropriate forum to conduct the independent abandonment inquiry. *Id.* at 849; *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991).

When a judgment is appealed, motions for post-conviction relief "shall be filed within sixty days of the earlier of the date both the mandate of the appellate court is issued and (1) counsel is appointed, or (2) an entry of appearance is filed by any counsel who is not appointed but enters an appearance on behalf of movant." Rule 29.15(g). "The filing deadlines for post-

3

conviction relief are mandatory, and cannot be waived." *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018) (internal quotations omitted). Despite the presumption that the movant was abandoned when an amended motion is untimely filed, we make no presumption that the motion court granted an extension of time without a record of the extension. *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015).

The Missouri Supreme Court held in *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990), that any motion for an extension of time to file under Rule 29.15 "must be made *and* granted within the time that the amended motion is due." *See also Jones v. State*, 643 S.W.3d 918, 921 (Mo. App. E.D. 2022) (*citing Clemmons*, 785 S.W.2d at 527). The movant in *Clemmons* filed an untimely amended motion because the request for an additional thirty days to file the amended motion was granted after the initial sixty-day filing period, but the request for the extension was filed four days after the amended motion was initially due. *Clemmons*, 785 S.W.2d at 527. The Court held that the circuit court's discretion to extend the time to file an amended motion must be exercised within the time in which the amended motion is due. *Id.*

Appellant argues that because Appellant counsel's request for an extension was made only four days into the initial sixty-day period, then counsel should have been able to rely on the court's decision in *Federhofer v. State*, 462 S.W.3d 838, 841 (Mo. App. E.D. 2015), and *Volner v. State*, 253 S.W.3d 590, 592 (Mo. App. S.D. 2008), in determining the amended motion was due to be filed on or before October 14, 2020. However, as this Court made clear in *Jones*, those two cases are "in direct contradiction of the Supreme Court's directive in *Clemmons*." 643 S.W.3d at 922. Moreover, the *Jones* Court noted that neither opinion discussed or distinguished *Clemmons*, nor did they explain their departure from that Supreme Court decision. 643 S.W.3d at 922. The *Jones* Court found the contradiction was discussed by our Western District in

4

*Perkins v. State*, 569 S.W.3d 426, 436 n.7 (Mo. App. W.D. 2018), and further distinguished the opinions stating, "[t]o the extent that *Federhofer* and *Volner* permit a circuit court to grant a motion for extension of time for a Rule 29.15 amended motion after the time to file the motion has expired, they are inconsistent with the last directive on this issue from the Supreme Court of Missouri and should no longer be followed." *Id.* at 922. Indeed, "*Clemmons* remains the operative directive from the Supreme Court regarding extensions of time under Rule 29.15." *Id.* at 921.

Like *Jones*, we too find Appellant's motion for extension of time was neither made nor granted before the time to file his amended motion had passed. Thus, we must reverse the trial court's judgment and remand for an abandonment inquiry. If the trial court determines that the cause of the untimely filing was abandonment by counsel, then the court may accept the untimely filed amended motion.

## Conclusion

The judgment is reversed and remanded to the trial court for an abandonment inquiry into whether Appellant was abandoned by his appointed counsel.

Lisa P. Page, Presiding Judge

Thomas C. Clark, II, J. and
Renée D. Hardin-Tammons, J. concur.