Eric D. CLEMMONS, Appellant,

v.

STATE of Missouri, Respondent.

No. 71535.

Supreme Court of Missouri,
En Banc.

March 13, 1990.
Rehearing Denied April 17, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Eric Clemmons was convicted by a jury of murder in the first degree in the slaying of a fellow penitentiary inmate; the jury assessed his punishment at death. The trial court entered judgment accordingly; this Court affirmed the judgment on direct appeal. *State v. Clemmons*, 753 S.W.2d 901 (Mo. banc 1988). Clemmons now appeals from the judgment in denial of his motion to vacate judgment and sentence pursuant to Rule 29.15. Affirmed.

At the outset of this review, the circumstances of this case require a construction and direction to bench and bar with respect to Rule 29.15(f):

Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or

the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

Clemmons moved, *pro se*, for relief under Rule 29.15, June 27, 1988. The trial court appointed trial counsel for movant June 28, 1988. On August 1, 1988, 34 days after her appointment, counsel requested a 30 day extension of time to file an amended motion. On the same date the trial court extended the time 26 days to August 27, 1988. (August 27, 1988, was a Saturday and the amended motion was filed within the extended time, August 29, 1988. Rule 44.01(a).)

The trial court accorded an evidentiary hearing on all points presented by the *pro se* and first amended motions; and on February 21, 1989, entered findings of fact and conclusions of law in denial of all such points and allegations.

Arguably, the points presented by the first amended motion were time-barred under the first sentence of Rule 29.15(f) because of the failure to file the amended motion within 30 days of counsel's appointment.

It is at least equally arguable that the first amended motion was timely filed because of the extension granted under the authority given the trial court in the second sentence of Rule 29.15(f).

Because of this ambiguity in Rule 29.-15(f) and its application in this case, this Court resolves the resulting dilemma in favor of full review of all points presented by the *pro se* and first amended motions.

Hereafter, until it may be appropriately amended, Rule 29.15(f) shall be construed and applied as a *bar to any amended motion not filed within thirty days of the date counsel is appointed or counsel that is not appointed enters an appearance;* and further, *the discretion of the trial court to extend the time for one additional period not to exceed thirty days shall be limited to an exercise of that discretion within the thirty day period first above mentioned and limited.* The foregoing construction and application shall apply to all motions for post-conviction relief affected by Rule 29.15(f) from and after the publication date of this opinion in West's South Western Reporter series.

■ Appellate review of a denial of post-conviction relief is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j). The motion court's findings, conclusions and judgment are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Day v. State,* 770 S.W.2d 692, 695–96 (Mo. banc 1989).

### Ineffective Assistance of Counsel

Clemmons presents numerous allegations of ineffective assistance of trial counsel. The performance of trial counsel is governed by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show counsel's performance was deficient in that it falls below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. at 2064. Second, the defendant "must show that the deficient performance prejudiced the defense," *Id.*, and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

■ Counsel's presentation of the penalty phase of a criminal trial is a matter for professional judgment. *Preston v. State,* 736 S.W.2d 53, 55 (Mo.App.1987), *cert. denied,* 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 681 (1988). Whether counsel's judgment is good or bad is measured not by the sentence defendant receives, but by whether counsel's advocacy on defendant's behalf was reasonable under the circumstances. *Id.*

Clemmons charges counsel failed to present mitigating evidence from his stepfather; other family members; his prison work supervisor, Archie Opie; an unidentified correctional officer; and Ruth Fridley,

a public speaking teacher. The motion court determined that he named only his mother and stepfather as potential character witnesses for the trial and the punishment phases, and that trial counsel made a reasonable decision not to call defendant's stepfather because of his speech impediment. The motion court also found Clemmons's testimony lacked credibility and rejected it, choosing to believe trial counsel's testimony, thus an issue of credibility resolved by the motion court. *See Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App. 1986).

■ Counsel has no absolute duty to present mitigating character evidence at the penalty phase of a trial, *Jones v. State*, 767 S.W.2d 41, 43 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 207, 107 L.Ed.2d 160 (1989); counsel has "a duty to make a reasonable investigation of possible mitigating evidence or to make a reasonable decision that such an investigation is unnecessary," *Id.* In particular, the reasonableness of counsel's decisions depends upon the strategic choices and information provided by defendant. *Id.*

■ Clemmons's mother testified during the punishment phase as to his "good character." Thus, the additional character evidence would have been cumulative. Counsel, having presented the testimony of his mother, was under no absolute duty to present additional mitigating evidence. He used sound trial strategy in choosing not to call Clemmons's stepfather. In these circumstances, Clemmons was not prejudiced by the decision not to call the additional witnesses.

■ Clemmons charges counsel did not seek a psychological evaluation. He does not allege anything that would have alerted counsel to need of a mental evaluation, or that anything significant would have been found during a mental evaluation. The judge who presided at both trial and evidentiary hearing determined Clemmons was competent and that his testimony at the trial and hearing demonstrated he was articulate and aware of the nature of the proceedings and details of the case. The motion court further found Clemmons was able to participate in the preparation of his defense, provide information to his lawyer and participate in decisions. Because Clemmons does not allege or demonstrate how he was prejudiced by the failure of trial counsel to obtain a mental evaluation, trial counsel cannot be deemed "incompetent" under *Strickland*.

Clemmons charges counsel failed to present evidence of the victim's vile character and reputation for homosexual harassment and extortion. The motion court determined that this evidence was presented by Clemmons, himself.

■ Clemmons charges counsel failed to contest his role in the first murder for which he was imprisoned in the penitentiary at the time he committed the present murder. He asserts his trial counsel should have argued that his brother inflicted the fatal blows in the first murder because *State v. Barnes*, 708 S.W.2d 270 (Mo.App.1986), indicates Clemmons's brother, Stanley Barnes, inflicted the fatal blows upon the victim, Todd Weems.

*Barnes* states that while Clemmons beat Weems with a pipe, lethal blows came from his brother. *Id.* at 272–73. Clemmons, however, ignores that he was charged with acting with another in the commission of the offense. *State v. Clemmons*, 682 S.W.2d 843, 845 (Mo.App.1984). In Clemmons's direct appeal, the court determined he inflicted the fatal blows with the pipe. *Id.* Whether Clemmons or his brother was the direct cause of Weems's death is of no consequence under the charge and submission. Any argument by Clemmons's trial counsel that he did not cause Weems's death ignores that he was responsible for the murder and properly convicted. Trial counsel cannot be deemed ineffective for declining to make a non-meritorious argument.

■ Clemmons charges counsel failed to rehabilitate eight jurors who were stricken because of expressed opposition to the death penalty. Trial counsel agreed with the trial judge's ruling that each of the eight potential venirepersons had stated unequivocally their opposition to the death

penalty. The motion court determined that further effort to rehabilitate these members of the panel appeared unlikely to succeed.

■ The standard for determining whether a venireperson may be removed for cause during death penalty qualification is whether the venireperson's views "would 'prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" *State v. Sloan,* 756 S.W.2d 503, 505 (Mo. banc 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1174, 103 L.Ed.2d 236 (1989), *citing Wainwright v. Witt,* 469 U.S. 412, 424, 105 S.Ct. 844, 852, 83 L.Ed.2d 841, 851–52 (1985). This determination is not based on a single response but rather on the entire voir dire examination and lies within the trial court's discretion. Absent an abuse of that discretion, the trial court's ruling will not be overturned on appeal. *Id.* at 506.

■ The United States Constitution does not prohibit the removal for cause, prior to the guilt phase of a bifurcated capital trial, of prospective jurors whose opposition to the death penalty is such that it would prevent or substantially impair the performance of their duties as jurors at the sentencing phase of the trial. *Lockhart v. McCree,* 476 U.S. 162, 165, 106 S.Ct. 1758, 1760, 90 L.Ed.2d 137 (1986). *See State v. Guinan,* 732 S.W.2d 174, 176 (Mo. banc 1987), *cert. denied,* 484 U.S. 933, 108 S.Ct. 308, 98 L.Ed.2d 266 (1987). The trial court did not abuse its discretion in sustaining the State's challenges for cause to those venirepersons who stated that they could not consider the death penalty as a potential punishment. Clemmons complains he was prejudiced because his trial counsel did not attempt to "rehabilitate" prospective jurors, yet he offers no suggestion how these prospective venirepersons could have been rehabilitated.

Clemmons charges counsel failed to identify members of the venire who would automatically impose the death penalty. Clemmons, himself, does not identify these jurors nor does he allege that any such jurors exist.

■ Clemmons charges counsel failed to object to a question by the prosecutor that sought a commitment from jurors to impose the death penalty. The prosecutor asked whether the venirepersons would be able to consider the death penalty with the additional knowledge that one of them might become the jury foreman and have to sign the verdict. The motion court determined this was a proper follow-up question for several members of the panel who equivocated whether they could impose the death penalty if selected to serve as jurors. The motion court held Clemmons's claim of ineffectiveness during voir dire was without merit because he failed to demonstrate any bias occurred against him because of the jury selection process. The motion court determined correctly this was a proper follow-up question, and accordingly, Clemmons's trial counsel cannot be deemed ineffective for declining to make a non-meritorious objection. *See Shaw v. State,* 686 S.W.2d 513, 516 (Mo.App.1985).

■ Clemmons charges counsel failed to conduct voir dire on the presumption of innocence, thus the jury might not have understood this principle. The motion court determined the total voir dire examination and the instructions of the court adequately informed the jury of the burden of proof, the presumption of innocence, and all necessary matters of law. Clemmons failed to demonstrate that any bias resulted from the jury selection process. Clemmons's trial counsel questioned the venirepersons whether they thought Clemmons was guilty merely because he was in prison and asked them about their understanding of the burden of proof. The jury received proper instruction on the presumption of innocence.

■ Clemmons charges counsel failed to raise a *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), objection. The record shows that the venireman in question, Bolden, was removed by the State because his wife had been arrested and his cousin charged with and apparently acquitted of murder.

A criminal defendant must satisfy both the performance and prejudice tests to prevail on an ineffective assistance of counsel claim. *O'Neal v. State*, 766 S.W.2d 91, 92 (Mo. banc 1989). If this Court is able to dispose of this claim on the ground of lack of prejudice, then it is free to do so. *Id.* Clemmons fails to show prejudice and to show why a reasonably competent attorney would object under these circumstances. Clemmons does not show that there was any merit to this objection nor allege that the trial jury was not fair and impartial.

▮ Clemmons charges counsel failed to object to a misstatement of the evidence when the prosecutor said Morris Cavanaugh was the only other witness; that Cavanaugh saw a knife; and that there was blood on the textbook. He also faults trial counsel for failure to object to penalty phase argument regarding his prior convictions,[1] and to preserve for review the alleged error in the State's incorrect argument not to consider sympathy. Other than the exception described in footnote 1, these points were raised on direct appeal, *State v. Clemmons*, 753 S.W.2d at 908–910, and cannot be re-litigated in this post-conviction proceeding. *O'Neal*, 766 S.W.2d at 92 (a claim raised and determined adversely to appellant on direct appeal cannot be re-litigated by attempting to transform the claim into a claim of ineffective assistance of counsel). Although Clemmons attempts to distinguish these claims because they were reviewed for plain error by this Court on direct appeal, *Sidebottom v. State*, 781 S.W.2d 791 (Mo. banc 1989), held that the basis for this Court's finding of no manifest injustice on direct appeal served to establish a finding of no prejudice under the *Strickland* test.

▮ Clemmons charges counsel failed to object to the prosecutor's allegedly improper statement regarding Thomas Steigerwald and the meaning of "reasonable doubt." The prosecutor drew an inference, stating "that there only has to be one witness, and if you believe that witness, that is proof beyond a reasonable doubt," and went on to argue Steigerwald was that witness and he had no reason to lie. This was not an attempt to define "reasonable doubt." *Cf. State v. Jones*, 615 S.W.2d 416 (Mo. banc 1981), and *State v. Shelby*, 634 S.W.2d 481 (Mo.1982). The prosecutor has the right to argue evidence and reasonable inferences from the evidence. *State v. Clemmons*, 753 S.W.2d at 908. The prosecutor may state a conclusion if that conclusion is fairly drawn from the evidence, *Grubbs v. State*, 760 S.W.2d 115, 119 (Mo. banc 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989); and has the right, within the limits of closing argument, to provide the State's view on the credibility of witnesses. *State v. Bryant*, 741 S.W.2d 797, 799 (Mo.App. 1987).

Clemmons charges counsel allowed the prosecutor to "badger" a defense witness. Subject questions were put to a hostile inmate witness who refused to answer questions; they went to the witness's prior convictions. The motion court noted that Clemmons did not offer any basis for an objection. Clemmons does not explain the theory upon which counsel could have objected nor does he allege prejudice from this claim.

▮ Clemmons charges counsel failed to request MAI–CR3d 310.06 be given because of a statement he voluntarily made while in custody. After waiving his *Miranda* rights, Clemmons gave a statement to a prison investigator in which he denied stabbing the victim. Subsequently, while being transferred to a maximum security cell, he spontaneously remarked to an accompanying officer, "I guess they got me."

Although the Notes On Use for MAI–CR3d 310.06 say it must be given when requested, counsel's decision not to request the instruction was sound trial strategy in this case. The instruction would serve only to direct attention to an obviously voluntary confession.

---

1. Although appellant makes this assertion regarding prior convictions in his Point V, he briefs no explication in the argument portion of the point. As a consequence, no answer or response is required. Rules 30.20 and 84.13.

 Clemmons charges counsel failed to request Instruction 308.14 on defendant's right not to testify. The motion court noted that no comment, argument or other matter suggested to the jury that Clemmons' failure to testify could be used against him. The motion court further noted that Clemmons failed to demonstrate that submission of this instruction would have had any beneficial impact upon the result of the proceeding. Clemmons does not show any prejudice from absence of the instruction, nor does he allege there was any improper comment or suggestion regarding Clemmons' election not to testify.

### Trial Court Error

Clemmons asserts the trial court was clearly erroneous in giving and his trial counsel ineffective for not objecting to Instruction No. 14, MAI–CR3d 313.44, on submission of mitigating circumstances.

 Claims of trial error are not cognizable in a Rule 29.15 motion except where fundamental fairness requires otherwise, and then, only in rare and exceptional circumstances. *Walls v. State*, 779 S.W.2d 560, 563 (Mo. banc 1989). Movant demonstrates no exceptional circumstances here. The defense requested this instruction and cannot now attack it as "invalid" and "prejudicial." *State v. McIlvoy*, 629 S.W.2d 333, 339 (Mo. banc 1982), and *State v. Euell*, 583 S.W.2d 173, 178 (Mo. banc 1979). Although Clemmons asserts his trial counsel was ineffective for not objecting to this instruction, he does not allege his trial counsel was ineffective for submitting the instruction. Further, the instruction meets the tests of *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), and *Skipper v. South Carolina*, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986). *See Roberts v. State*, 775 S.W.2d 92, 96 (Mo. banc 1989).

### Motion Court Error

 Clemmons asserts the motion court was clearly erroneous in excluding the testimony of four public defenders about their opinions on whether Clemmons received effective assistance of counsel. *Lewis v. State*, 623 S.W.2d 562, 563 (Mo.App.1981), holds that an attorney cannot be called as an expert witness to criticize the actions of another attorney on an issue of competency when the court is equally competent to make that decision. Clemmons made an offer of proof in which the public defenders expressed their opinion that Clemmons's trial counsel was ineffective in various respects. The State's objections to the introduction of the public defenders' testimony were sustained.

*Parkus v. State*, 781 S.W.2d 545, 548 (Mo. banc 1989), held an attorney's opinion on whether appellant's trial counsel had served ineffectively was properly excluded. The ultimate issue before the motion court was effectiveness of trial counsel and in reaching that decision, opinion evidence is only pertinent if from one of knowledge or experience, and the court is not competent to make such a judgment. *Id.* A motion court is at least as capable as another attorney in reaching a decision based on the evidence presented, and therefore the opinion of an attorney on the same subject is irrelevant and incompetent. *Id. See also Sidebottom*, 781 S.W.2d at 791.

The judgment is affirmed, and the attention of bench and bar is directed to the construction and direction with respect to Rule 29.15(f) stated at the outset of this opinion.

All concur.