**Willie HARROLD, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 61444.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

Sept. 15, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 23, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Jeff Skoglund, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

Defendant appeals the denial of a Motion to Vacate Judgment and Sentence under Rule 24.035 without an evidentiary hearing. The request for post conviction relief followed a guilty plea for burglary in the second degree. Section 569.170 RSMo 1986. He was charged and convicted as a prior and persistent offender. We affirm.

Defendant contends ineffective assistance of counsel in that counsel failed to contact alibi witnesses. He claims his plea was involuntary because his plea attorney misled him by stating witnesses were unwilling or unavailable. Defendant also al-

leges his guilty plea was not knowing or voluntary because he was unaware his alibi witnesses were available and willing to testify when he entered his guilty plea.

■ Our review of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.-035(j). Rulings are clearly erroneous only if review of the entire record leaves a definite and firm impression that a mistake was made. *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990). We find no error of fact or law.

■ The basic issue before this court is whether the record supports defendant's Motion to Vacate Judgment and Sentence or if a hearing is required. We find the record adequately supports the judgment and conclusively refutes the allegations. Therefore, no evidentiary hearing was required.

The guilty plea entered by defendant was the result of a negotiated plea. Defendant does not contest his status as a prior and persistent offender. As such, the maximum sentence allowed for defendant's acts was twenty years. Defendant must serve sixty percent of a five year sentence before he becomes eligible for parole.

Defendant asserts his attorney failed to adequately assert his alibi defense. This defense depends on proof defendant was not present when the crime was committed. The record contradicts this assumption. He admitted he was there by acknowledging the state had his fingerprints to prove he was there.

The state summarized the evidence it would adduce at trial. Among the incriminating evidence were witnesses to be produced and the fact defendant's fingerprints were found at the crime scene. Defendant did not know the owner of the property nor did he have permission to be on the premises. After the evidence was stated, he told the court he did not disagree with anything stated by the prosecutor. The physical evidence puts defendant at the scene. This, in effect, destroys defendant's alibi theory which is the foundation of his PCR motion.

■ In addition, defendant was asked if he gave his attorney "the names of any witnesses in this matter." Defendant replied, "No, there *were* none." (Emphasis ours). If there were no witnesses, defendant's alibi defense fails. The record clearly does not support his contention that counsel was ineffective.

Finally, the court expressly asked defendant if he was entering the plea of guilty voluntarily with an understanding of the consequences to which he replied "yes." Defendant was asked if he had been telling the truth throughout the proceeding to which he said, "Yes, I am."

The record does not establish the trial court acted in a clearly erroneous manner. Therefore, there was no error in denying relief without an evidentiary hearing. We affirm.

PUDLOWSKI and CRANDALL, JJ., concur.