

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| DONALD HORNSEY, | ) | No. ED109740 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | 20SF-CC00069 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Wendy Wexler Horn |
| | ) | |
| Respondent. | ) | Filed:  August 16, 2022 |

Donald Hornsey ("Movant") appeals the judgment denying his amended Rule 29.15[1]

motion for post-conviction relief after an evidentiary hearing.  Because the motion court denied

Movant's amended Rule 29.15 motion for post-conviction relief without ruling on Movant's first

motion for an extension of time to file the amended motion, (1) the amended motion was untimely

filed; (2) we reverse the motion court's judgment; and (3) the case is remanded for an independent

inquiry into whether Movant was abandoned by his appointed post-conviction counsel and for

proceedings consistent with this opinion.

## I.       BACKGROUND

After a jury trial, Movant was found guilty of one count of second-degree assault of a law

enforcement officer and one count of armed criminal action.  The trial court sentenced Movant as

a prior and persistent offender to a total of forty years of imprisonment.  Movant then filed a direct

---

[1] Unless otherwise indicated, all references to Rule 29.15 are to Missouri Supreme Court Rules (2020), which was the version of the Rule in effect at the time Movant's pro se motion for post-conviction relief was filed on May 1, 2020.

appeal. This Court affirmed Movant's convictions and sentences in *State v. Hornsey*, 590 S.W.3d 877 (Mo. App. E.D. 2019), with the mandate being issued on February 6, 2020.

Movant timely filed a pro se Rule 29.15 motion alleging he was entitled to post-conviction relief on May 1, 2020.[2] Movant's post-conviction counsel was appointed that same day. On June 17, 2020, post-conviction counsel entered his appearance and filed a motion requesting an additional thirty days to file an amended motion. The court never ruled on that motion.

On July 14, 2020, post-conviction counsel filed a second motion requesting another extension of time to file an amended motion. In that motion, post-conviction counsel acknowledged that his first request for an extension had not yet been ruled on by the court. On July 17, 2020, the motion court granted post-conviction counsel's July 14 motion requesting a second extension. Post-conviction counsel then filed the amended motion on August 27, 2020, alleging Movant was entitled to post-conviction relief.

On May 28, 2021, the motion court entered a judgment denying Movant's amended motion after an evidentiary hearing. This appeal followed.

## II.     DISCUSSION

Movant raises six points on appeal which allege the motion court erred in denying his amended Rule 29.15 motion. However, because we reverse the judgment and hold the case must be remanded to the motion court for an independent inquiry into whether Movant was abandoned by his appointed post-conviction counsel, we need not discuss the merits of Movant's arguments on appeal, and we proceed instead with an analysis of the timeliness of Movant's amended motion. *See Jones v. State*, 643 S.W.3d 918, 920 (Mo. App. E.D. 2022) (interpreting a previous,

---

[2] Movant's pro se Rule 29.15 motion was filed eighty-five days after the mandate was issued in his appeal on February 6, 2020, and, therefore, the motion was filed within the ninety-day time limit set forth in Rule 29.15(b). *See* Rule 29.15(b) (providing that "[i]f an appeal of the judgment or sentence sought to be vacated, set aside or corrected is taken, the motion shall be filed within [ninety] days after the date the mandate of the appellate court issues affirming such judgment or sentence").

2

but substantively similar version of Rule 29.15) ("[b]efore reaching the merits of an appeal involving post[-]conviction relief, we must first examine the timeliness of an amended motion").

Where, as in this case, an appellant files a motion for post-conviction relief after a direct criminal appeal and does not retain private counsel, the amended motion must be filed within sixty days of "the date both the mandate of the appellate court is issued and: (1) [c]ounsel is appointed[.]" Rule 29.15(g). In general, "[i]f a movant's amended motion is untimely [filed by post-conviction counsel], the movant is presumed to have been abandoned and the [motion] court must conduct an independent inquiry into the reason for the untimely filing before considering the merits of the amended motion." *Jones*, 643 S.W.3d at 920.[3]

However, the motion court may, in its discretion, extend the time for filing the amended motion "with no extension exceeding [thirty] days individually and the total of all extensions not to exceed [sixty] days." Rule 29.15(g). "The Supreme Court of Missouri has directed that any motion for an extension of time under Rule 29.15 must be made *and* granted within the time that the amended motion is due." *Jones*, 643 S.W.3d at 921 (emphasis in original) (citing *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990) (interpreting a previous, but substantially similar version of Rule 29.15)). Therefore, the motion court has no authority to grant a request for an extension of time after the deadline to file the amended Rule 29.15 motion has passed. *Jones*, 643 S.W.3d at 921 (citing, *inter alia*, *Clemmons*, 785 S.W.2d at 527).

In this case, post-conviction counsel was appointed to represent Movant on May 1, 2020, after the mandate in Movant's appeal was issued. Accordingly, Movant's amended motion was

---

[3] There is an exception to this general rule which provides a motion court is not required to conduct an abandonment inquiry when claims raised in a movant's pro se motion are incorporated into and adjudicated along with the claims in the amended motion. *See Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015). This exception does not apply here because Movant's pro se claims were neither incorporated into the amended motion nor did the motion court make findings or conclusions on the pro se claims when rendering its judgment in this case. *See id.*; *see also Earl v. State*, 628 S.W.3d 695, 701 (Mo. App. E.D. 2021) (holding the exception did not apply in similar circumstances).

due sixty days after May 1, 2020, i.e., on June 30, 2020. *See* Rule 29.15(g). Had the motion court granted post-conviction counsel's first motion for a thirty-day extension which was filed on June 17, 2020, the amended motion or motion requesting a second extension of time would have been due on July 30, 2020. *See id.* However, the motion court never ruled on the first motion requesting a thirty-day extension. This Court will not presume that the motion court granted an extension of time without a record of that decision. *Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015). Under these circumstances, Movant's amended motion for post-conviction relief was due on June 30, 2020; the motion court had no authority to grant the July 14 motion requesting a second extension of time; the August 27, 2020 amended motion was untimely filed; and the motion court should have conducted an independent inquiry into whether Movant was abandoned by his appointed post-conviction counsel before considering the merits of the amended motion. *See id.*; *see also* Rule 29.15(g); *Jones*, 643 S.W.3d at 920-21 (citing, *inter alia*, *Clemmons*, 785 S.W.2d at 527 (interpreting a previous, but substantially similar version of Rule 29.15)). Movant and the State both concede this issue.

Because the motion court made no independent inquiry into whether Movant was abandoned by his appointed post-conviction counsel, we must reverse and remand the case to the motion court for such an inquiry. *Jones*, 643 S.W.3d at 920-23; *Brunnworth v. State*, 583 S.W.3d 505, 506-08 (Mo. App. E.D. 2019); *see also Earl v. State*, 628 S.W.3d 695, 698-702 (Mo. App. E.D. 2021). If, after making an independent inquiry into abandonment on remand, the motion court determines Movant was not abandoned by his appointed post-conviction counsel, the court should adjudicate Movant's initial pro se post-conviction motion. *Brunnworth*, 583 S.W.3d at 507; *see also Earl*, 628 S.W.3d at 700. On the other hand, if the motion court concludes Movant was abandoned by his appointed post-conviction counsel's untimely filing of the amended post-conviction motion, the court must adjudicate the amended post-conviction motion. *Id.*

4

### III.   CONCLUSION

The motion court's judgment is reversed and the case is remanded to the motion court for further proceedings consistent with this opinion.[4]

_[signature]_

ROBERT M. CLAYTON III, Judge

Angela T. Quigless, P.J., and
Sherri B. Sullivan, J., concur.

---

[4] As recently noted by this Court: "The circumstances in which this type of abandonment inquiry will be necessary appear to be coming to an end.  A new revision of Rule 29.15 took effect on November 4, 2021.  The new version of Rule 29.15 gives counsel 120 days to file the amended motion and prohibits any extension of time. As a result, situations like those at issue in this case . . . are unlikely to continue in the future." _Jones_, 643 S.W.3d at 922 n.1, 922-23; _see also_ Missouri Supreme Court Rule 29.15(g) (2022) (effective from November 4, 2021 to the present).