

# In the Missouri Court of Appeals
# Eastern District

### SPECIAL DIVISION

| | | |
|---|---|---|
| JOHN BREWER, | ) | No. ED110321 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Jason D. Dodson |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: December 13, 2022 |

## Introduction

John Brewer ("Brewer") appeals from the motion court's denial of his Rule 29.15[1]

amended motion for post-conviction relief following an evidentiary hearing. In his sole point on

appeal, Brewer claims the motion court clearly erred in denying his motion for post-conviction

relief because trial counsel was ineffective for failing to challenge and correct an erroneous jury

instruction. Brewer and the State identified a timeliness issue in the record that must be

addressed before reaching the merits of the amended motion. Because a motion court has no

authority to grant an extension to file an amended motion after the filing deadline has passed

without first conducting an abandonment inquiry, Brewer's amended motion was untimely filed.

Accordingly, we must reverse and remand the matter to the motion court for an abandonment

inquiry.

---

[1] All Rule references are to Mo. R. Civ. P. (2020), unless otherwise indicated.

## Factual and Procedural History

Because we do not reach the merits of Brewer's point on appeal, we briefly summarize the relevant post-conviction timeline.

The jury convicted Brewer on one count of first-degree assault and one count of armed criminal action for a non-fatal shooting outside of a barbershop. The trial court sentenced Brewer to concurrent prison terms of ten years and three years for first-degree assault and armed criminal action, respectively. Brewer appealed to this Court, which affirmed Brewer's convictions and sentences. We issued our mandate in the direct appeal on December 5, 2019. See Rule 29.15(g).

Brewer filed a pro se motion for post-conviction relief ("PCR 1") on February 19, 2020. The pro se motion alleged trial counsel: (1) failed to challenge the sufficiency of evidence presented at a preliminary hearing; (2) failed to depose witnesses prior to trial; and (3) failed to call any witnesses for the defense at trial. The motion court took no action regarding PCR 1 before Brewer filed a second identical pro se motion ("PCR 2") on April 14, 2020. On May 13, 2020, the motion court appointed the Missouri State Public Defender to represent Brewer on PCR 2, making an amended motion for post-conviction relief due sixty-days later on July 13. On June 15, 2020, post-conviction counsel entered an appearance on PCR 2 and requested a thirty-day extension to file the amended motion on or before August 12. The motion court granted the extension. On June 24, 2020, post-conviction counsel entered an appearance on PCR 1 and filed a motion to consolidate PCR 1 and PCR 2. On July 1, 2020, the motion court consolidated PCR 1 and PCR 2 ("consolidated PCR") under the case number assigned to PCR 1. On August 6, 2020, post-conviction counsel requested an additional thirty-day extension for the consolidated PCR, seeking to extend the deadline for filing the amended motion to September 11, 2020. The motion court granted the second extension request on August 21, 2020.

On September 10, 2020, post-conviction counsel filed the amended motion alleging trial counsel was ineffective for failing to object to the incorrect wording of a jury instruction and for failing to request that a corrected instruction be given.  On March 1, 2021, the motion court granted Brewer's request for an evidentiary hearing.

At the evidentiary hearing, post-conviction counsel advised the motion court of an issue relating to the timeliness of the amended motion.  However, post-conviction counsel reasoned that any potential untimeliness was not attributable to Brewer and should not preclude the motion court from addressing the claims raised in the amended motion.  Following the evidentiary hearing, on December 30, 2021, the motion court denied Brewer's amended motion for post-conviction relief.  In its judgment, the motion court specifically found that the amended motion was timely filed "as a result of the consolidation of the two files."  This appeal follows.

## Point on Appeal

In his sole point on appeal, Brewer claims the motion court erred in denying his motion for post-conviction relief because trial counsel was ineffective for failing to object to the incorrect wording of a jury instruction, thereby prejudicing the outcome of his trial.

## Discussion

Before we can review the merits of Brewer's post-conviction claim, we are required to examine whether his amended motion was timely filed.  Earl v. State, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021) (citing Moore v. State, 458 S.W.3d 822, 826 (Mo. banc 2015)).  At the time Brewer timely[2] moved pro se for post-conviction relief, Rule 29.15[3] required a movant who filed a motion for post-conviction relief after a direct appeal to file an amended motion "within [sixty]

---

[2] Brewer's pro se motion was due on or before March 4, 2020, and the record reflects that he timely filed PCR 1 on February 19.  See Rule 29.15(b).

[3] A new revision of Rule 29.15 took effect on November 4, 2021.  The amended version of Rule 29.15 gives counsel 120 days to file the amended motion and prohibits any additional extension of time.

days of the earlier of the date both the mandate of the appellate court is issued and: (1) [c]ounsel is appointed, or (2) [a]n entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of [the] movant." Rule 29.15(g) permits the motion court to grant extensions for "filing the amended motion or statement in lieu of an amended motion, with no extension exceeding [thirty] days individually and the total of all extensions not to exceed [sixty] days." "The Supreme Court of Missouri has directed that any motion for an extension of time under Rule 29.15 must be made and granted within the time that the amended motion is due." Jones v. State, 643 S.W.3d 918, 921 (Mo. App. E.D. 2022) (citing Clemmons v. State, 785 S.W.2d 524, 527 (Mo. banc 1990)). The motion court has "no authority to grant a request for an extension of time filed after the time to file the amended motion has passed." Id. (internal citation omitted).

"The untimely filing of an amended motion by postconviction counsel creates a presumption of abandonment." Watson v. State, 536 S.W.3d 716, 719 (Mo. banc 2018) (internal citation omitted); see Earl, 628 S.W.3d at 700. The motion court must then conduct an inquiry into whether abandonment occurred in order to determine which claims it is required to consider—the claims raised in the amended motion or the claims raised in the pro se motion. Moore, 458 S.W.3d at 825–26. If the motion court determines that post-conviction counsel did not abandon the movant, the motion court may consider only the claims raised in the pro se motion. Id. If the motion court determines that post-conviction counsel abandoned the movant, the motion court may then deem the amended motion timely and consider the claims therein. Id. "Critically, the motion court must make a sufficient record to demonstrate on appeal that its determination on the abandonment issue is not clearly erroneous." Earl, 628 S.W.3d at 700 (internal citations omitted). If the motion court does not conduct the abandonment inquiry,

4

we must reverse the judgment and remand the case to the motion court because "the motion court is the appropriate forum to conduct [] an [abandonment] inquiry." Moore, 458 S.W.3d at 826.

This Court issued its mandate on Brewer's direct appeal on December 5, 2019. The deadline for Brewer to file his pro se motion for post-conviction relief was ninety days later on March 4, 2020. See Rule 29.15(b). The record shows Brewer timely filed PCR 1 on February 19, 2020. The motion court was required to appoint counsel to represent Brewer on PCR 1 within thirty days of its filing but failed to do so. Rule 29.15(e); see Bishop v. State, 566 S.W.3d 269, 271 (Mo. App. W.D. 2019). When the motion court took no action in PCR 1 for almost sixty days, Brewer filed an identical motion for post-conviction relief, PCR 2, on April 14, 2020. Brewer filed the duplicate motion believing that perhaps PCR 1 had not been received before the March 4 deadline. The motion court first appointed post-conviction counsel to represent Brewer on PCR 2 on May 13, 2020. Therefore, Brewer's amended motion was due sixty days later, on July 13, 2020. See Rule 29.15(g); 44.01(a) ("In computing any period of time prescribed or allowed by these rules, . . . . The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday."). Post-conviction counsel entered an appearance on PCR 2 on June 15, 2020, and concurrently moved for a thirty-day extension to file the amended motion. The motion court timely granted Brewer's motion for extension. As a result, the deadline for Brewer to file an amended motion for post-conviction relief was now August 12, 2020. See Rule 29.15(g); Edwards v. State, 514 S.W.3d 68, 70 (Mo. App. E.D. 2017) ("[A] court should calculate the date an amended motion is due using a two-step process, counting [sixty] days from the date of appointment . . ., and then [thirty] days from the date the motion is initially due."). On August 6, 2020, post-conviction counsel moved for a second

5

thirty-day extension as permitted under Rule 29.15. Importantly, unless the motion court granted post-conviction counsel's second request for an extension to file an amended motion before August 12, 2020, Brewer remained obligated to file his amended motion by August 12, 2020. Little v. State, 652 S.W.3d 390, 394 (Mo. App. E.D. 2022); see Childers v. State, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) ("Assuming that a request will be granted does not relieve counsel of the obligation to actually make the request if additional time is needed, and extensions will not be presumed to have been granted without a record thereof.").

The record reflects that the motion court did not grant Brewer's second extension request until August 21, 2020, nine days after the August 12, 2020 deadline, making the ruling untimely. See Jones, 643 S.W.3d at 921 (citing Clemmons, 785 S.W.2d at 527). Because a motion court lacks authority to grant an extension *after the time in which the amended motion was due*, the motion court's second extension of the deadline was not effective. See id. Therefore, the deadline for filing the amended motion for post-conviction relief remained August 12. When Brewer filed the amended motion on September 10, 2020, the filing was untimely. See id.

Although Brewer acknowledges that the amended motion was untimely filed if counted from the day post-conviction counsel was appointed on May 13, Brewer argues we should affirm the motion court's judgment because the motion court properly determined that the amended motion was timely filed as a result of the consolidation of PCR 1 and PCR 2.[4] Brewer posits that because the motions were consolidated under the case number assigned to PCR 1, we should use the date post-conviction counsel entered an appearance in PCR 1, June 24, 2020, as the date from

---

[4] While Brewer correctly notes that pro se PCR 2 was untimely filed, the motion court did not err in considering the motion timely filed and effectively appointing counsel given the timely filing of pro se PCR 1, which clearly demonstrated that any untimeliness as to PCR 2 was due to the court and not movant. See Goldberg v. State, 635 S.W.3d 599, 604 (Mo. App. E.D. 2021) (explaining that despite the seemingly absolute filing deadline, an untimely pro se motion can be excused if it is the result of action or inaction by a third party outside of the movant's control).

which we calculate the filing deadline for the amended motion. This argument plainly ignores the initial appointment of counsel on May 13. See Rule 29.15(g) (mandating we count from the *earliest* of the date both the mandate is issued and either counsel is appointed, or any unappointed counsel enters an appearance). We recognize post-conviction counsel's diligence in discovering the coexistent PCR files. Indeed, we are mindful that Brewer filed PCR 2 as a precaution because he reasonably believed his earlier filing may not have been received by the motion court. The record suggests Brewer had a legitimate reason to believe PCR 1 was not received when the motion court did not appoint counsel within the thirty-day window provided by Rule 29.15(e). Although the docket entries reflect that PCR 1 was timely filed, the motion court did not appoint counsel until after Brewer filed PCR 2. Nevertheless, the operative Rule 29.15 provides that we must calculate the due date of the amended motion from the earliest date both the mandate of the appellate court is issued and (1) counsel is appointed, or (2) an entry of appearance is filed by any counsel that is not appointed. Here, the motion court clearly appointed post-conviction counsel on May 13, 2020. In so doing, the motion court appointed counsel to PCR 2 before any other counsel entered an appearance in either PCR 1, PCR 2, or the consolidated PCR. Mindful of our duty, we note that Brewer offers no authority—nor are we aware of any— supporting the motion court's conclusion that the consolidation of the two pro se motions permits the motion court to calculate the timeliness of the amended motion from a date other than the appointment of counsel. See Rule 29.15(g); Little, 652 S.W.3d at 394 (citing Earl, 628 S.W.3d at 699) ("Missouri case law is clear: 'The filing deadlines for post-conviction relief are mandatory, and cannot be waived.'").

There is one exception to Rule 29.15's mandatory filing deadlines for amended motions. "Missouri recognizes that remand for an abandonment inquiry is not needed 'where all of the

7

claims in both the pro se and amended motion have been adjudicated with written findings of fact and conclusions of law[.]'" Little, 652 S.W.3d at 394 (citing Childers, 462 S.W.3d at 828). The record shows that Brewer's pro se motion contains claims not found within the amended motion, and that the motion court ruled only on the claims presented in the amended motion. Therefore, the exception for permitting review when all claims in both motions are adjudicated does not apply. See id.

Given that the record shows post-conviction counsel untimely filed the amended motion, a presumption of abandonment arises. See Watson, 536 S.W.3d at 719. This Court has a duty to enforce the mandatory deadlines for post-conviction motions. See Little, 652 S.W.3d at 394. However, the motion court is the appropriate forum to conduct an inquiry into abandonment. See Moore, 458 S.W.3d at 826. The record shows that the motion court did not grant Brewer's second motion for extension within the time that the amended motion was due, making the amended motion filed on September 10, 2020, untimely. See Jones, 643 S.W.3d at 921 (citing Clemmons, 785 S.W.2d at 527). Because the record lacks any showing that the motion court made an independent inquiry into abandonment, we must reverse and remand with instructions for the motion court to conduct an abandonment inquiry. See id. (internal citation omitted).

Conclusion

The judgment of the motion court is reversed, and the matter is remanded for the motion court to conduct an independent inquiry into whether Brewer was abandoned by post-conviction counsel and for further proceedings consistent with this opinion.

_____
KURT S. ODENWALD, Judge

Angela T. Quigless, P.J., concurs.
Calea Stovall-Reid, Sp.J., concurs.