

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| KYLE HERRINGTON, | ) | No. ED110395 |
| | ) | |
| Movant/Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | Cause No. 16SF-CR01539 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Wendy Wexler-Horn |
| | ) | |
| Respondent. | ) | Filed: January 10, 2023 |

## Introduction

Kyle Herrington (Movant) appeals from the motion court's denial of his Rule 29.15 amended motion for post-conviction relief following an evidentiary hearing.[1] In his sole point on appeal, Movant argues the motion court clearly erred in denying his motion because his trial attorney (Trial Counsel) was ineffective for failing to object to improper trial testimony from a state's witness. We do not reach the merits of Movant's appeal because the record shows the motion court did not rule on post-conviction counsel's requests to extend the filing time of the amended motion until after the filing deadline. Considering the Rules of Criminal Procedure do not provide a motion court with the discretion to grant an extension to file an amended motion out of time without conducting an abandonment inquiry, Movant's amended motion was

---

[1] All rule references are to Missouri Rules of Civil Procedure (2020).

1

untimely filed. Accordingly, we must reverse the judgment and remand this matter for the motion court to conduct an abandonment inquiry.

## Factual and Procedural Background

After a two-day trial occurring June 11-12, 2019 in St. Francois circuit court, a jury convicted Movant of child enticement, an unclassified felony, in violation of § 566.151. On September 20, the trial court sentenced him to 13 years of imprisonment in the Missouri Department of Corrections. Movant directly appealed his case in *State v. Herrington*, 609 S.W.3d 109 (Mo. App. E.D. 2020). This court affirmed his conviction, issuing a mandate on November 12, 2020.

On December 15, Movant filed a pro se motion for post-conviction relief, alleging that Trial Counsel failed to preserve the testimony of the victim's mother at trial, to call Movant's cousin as a witness and to notify the court that Movant's aunt was under the influence of narcotics during her trial testimony. The motion court appointed a state public defender to represent Movant on December 16.

Pursuant to Rule 29.15(g), Movant's amended motion was due on February 16, 2021, 60 days after the motion court appointed post-conviction counsel. On February 9, post-conviction counsel requested a 30-day extension to file the amended motion, but the motion court did not immediately rule on the request. Then, post-conviction counsel requested a second 30-day extension on February 18 after the 60 days expired. The following day, February 19, the motion court held a status conference and granted both the February 9 and February 18 requests for an extension but without conducting an abandonment proceeding. Post-conviction counsel filed the amended motion on April 14. The motion court held an evidentiary hearing on October 2, then

2

issued its findings of fact and conclusions of law denying Movant's amended motion on February 9, 2022. Now Movant appeals.

## Discussion

Before reviewing the merits of an appeal from a motion court's denial of post-conviction relief, we are obligated to examine the timeliness of the amended motion. *Little v. State*, 652 S.W.3d 390, 392 (Mo. App. E.D. 2022). When the movant files a direct appeal from his conviction and sentence, Rule 29.15(g) requires post-conviction counsel to file the amended motion for post-conviction relief "within [sixty] days of the earlier of the date both the mandate of the appellate court is issued and: (1) [c]ounsel is appointed, or (2) [a]n entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of [the] movant." Rule 29.15(g) permits the motion court to "extend the time for filing the amended motion … with no extension exceeding [thirty] days individually and the total of all extensions not to exceed [sixty] days." Here, Herrington's post-conviction counsel had until February 16, 2021 to file an amended motion after the motion court appointed him on December 16, 2020.

An amended post-conviction motion filed beyond the deadline can constitute 'abandonment.' *Jones v. State*, 643 S.W.3d 918, 920 (Mo. App. E.D. 2022); *see also Watson v. State*, 536 S.W.3d 716, 719 (Mo. banc 2018). "[A]n extension of time under Rule 29.15 must be made and granted within the time that the amended motion is due." *Jones*, 643 S.W.3d at 921 (citing *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990)); *Perkins v. State*, 569 S.W.3d 426, 435 (Mo. App. W.D. 2018) (citing *Clemmons*, 785 S.W.2d at 527). "If the motion is not made and granted within the time remaining to file the amended motion, then any subsequently filed amended motion should be considered untimely and the [motion] court should conduct an abandonment inquiry before proceeding to the merits." *Jones*, 643 S.W.3d at 922 (citing

3

*Clemmons*, 785 S.W.2d at 527). The motion court must make a sufficient record of the abandonment inquiry. *Id.* at 921.

Until the motion court granted or denied post-conviction counsel's motion for an extension, counsel remained obligated to file his amended motion by February 16. Since the motion court did not grant the initial extension motion and post-conviction counsel did not file the amended motion within the 60-day filing period, the amended motion was untimely and the motion court was required to conduct an abandonment inquiry. *See Childers v. State*, 462 S.W.3d 825, 828 (Mo. App. E.D. 2015) ("Assuming that a request will be granted does not relieve counsel of the obligation to actually make the request if additional time is needed, and extensions will not be presumed to have been granted without a record thereof."). Further, the record does not reflect that the motion court conducted an abandonment inquiry into post-conviction counsel's untimely filing. For that reason, the motion court lacked the discretion to rule on the amended motion. *Jones*, 643 S.W.3d at 921.

Missouri case law is clear: "[t]he filing deadlines for post-conviction relief are mandatory, and cannot be waived." *Earl v. State*, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021) (quoting *Watson*, 536 S.W.3d at 717). "[Alt]hough this Court has a duty to enforce the mandatory timelines in the post-conviction rules, the motion court is the appropriate forum to conduct an inquiry into abandonment." *Id.* In sum, the record on appeal shows the motion court did not grant post-conviction counsel's intial extension motion before February 16, the filing deadline of the amended motion, making counsel's April 14 filing untimely. Because the record does not reflect that the motion court conducted an abandonment inquiry, we must reverse and remand with instructions for the motion court to conduct the requisite inquiry.

## Conclusion

The judgment of the motion court is reversed and the matter is remanded for the motion court to conduct an independent inquiry into whether Movant was abandoned by post-conviction counsel and for any further proceedings consistent with this opinion.

_____
Thomas C. Clark II, Judge

Lisa P. Page, P. J., and
Renée D. Hardin-Tammons, J., concur.

5