

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| LEVI D. LAUCK, | ) | ED110619 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| v. | ) | 2111-CC00177 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Jon A. Cunningham |
| | ) | |
| Respondent. | ) | Filed: May 16, 2023 |

Levi Dakota Lauck (Movant) appeals from the motion court's judgment denying his amended Rule 29.15[1] motion for post-conviction relief after an evidentiary hearing. However, Movant's amended motion was untimely filed because the motion court did not have authority to grant an extension to file an amended motion after the filing deadline passed without first conducting an abandonment inquiry. We reverse and remand.

## Background

Movant was charged by indictment with first-degree kidnapping, first-degree domestic assault, second-degree domestic assault, fourth-degree domestic assault, armed criminal action, and first-degree sodomy based on alleged incidents with his fiancée (Victim) on April 16, 2017. A jury found him guilty of first-degree domestic assault and armed criminal action for striking

---

[1] All references to Rules are to Missouri Supreme Court Rules (2020).

Victim with a hammer, and fourth-degree domestic assault. Movant was acquitted of the remaining counts of first-degree kidnapping, second-degree domestic assault, and first-degree sodomy. On appeal, this court affirmed his convictions and sentence. *State v. Lauck*, 610 S.W.3d 423 (Mo. App. E.D. 2020). The mandate was issued on December 3, 2020.

Movant timely filed a *pro se* motion to vacate, set aside or correct the judgment or sentence and counsel was appointed on March 11, 2021. On April 8, 2021, counsel filed a motion requesting thirty additional days to file an amended motion on Movant's behalf, but the motion court did not rule on the request. In a second motion filed on June 7, 2021, seeking an additional thirty-day extension, counsel acknowledged the initial motion was filed on April 8, 2021, but was not granted before the amended motion was due on May 10, 2021. Counsel requested the initial extension plus an additional thirty days, making the amended motion due on July 9, 2021, which was granted on June 7, 2021. The amended motion was filed on July 9, 2021. The motion court held an evidentiary hearing on the amended motion on February 18, 2022, and issued its findings of fact, conclusions of law, and judgment denying post-conviction relief on April 11, 2022. This appeal follows.

## Discussion

Movant asserts two points on appeal, each alleging the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because trial counsel was ineffective. However, the State contends the amended motion was not timely filed. This issue must be resolved before reaching the merits on appeal. *Earl v. State*, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021).

An untimely amended motion creates a presumption of abandonment on the record that "counsel failed to comply with the rule." *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015).

2

In that instance, the motion court is required to conduct an independent examination into the reason why the amended motion was not timely filed to determine if post-conviction counsel abandoned the movant, and make a sufficient record of the inquiry before considering the claims and evidence presented in the amended motion. *Id.* at 825; *Brown v. State*, 602 S.W.3d 846, 850 (Mo. App. E.D. 2020). Moreover, this extension on the record "must be made *and* granted within the time that the amended motion is due." *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990); *See also Jones v. State*, 643 S.W.3d 918, 921 (Mo. App. E.D. 2022). If the record does not reflect an independent inquiry into abandonment for our review, then we must reverse and remand because the motion court is the appropriate forum to conduct the independent abandonment inquiry. *Brown*, 602 S.W.3d at 849; *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991).

After an appeal, an amended motion may be filed within sixty days of the earlier date both the mandate is issued and: "(1) Counsel is appointed, or (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 29.15(g). The court may further extend the deadline for filing an amended motion, with no extension exceeding thirty days individually and sixty days total. *Id.* These deadlines are mandatory and cannot be waived. *Johnson v. State*, 660 S.W.3d 78, 80 (Mo. App. E.D. 2023); quoting *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018) (internal quotations omitted).

Here, because counsel was appointed on March 11, 2021, the amended motion was due on or before May 10, 2021. Although counsel filed a request for a thirty-day extension on April 8, 2021, the motion court did not grant the request prior to the expiration of the initial May 10, 2021 deadline. Counsel filed a subsequent motion on June 7, 2021, again asking for the initial thirty-day extension plus an additional thirty days, which would extend the time for filing the

3

amended motion to July 9, 2021. The motion court granted this extension, and the amended motion was filed on July 9, 2021. It was upon this amended motion that the court conducted an evidentiary hearing and issued its findings of fact, conclusions of law, and judgment.

Movant acknowledges *Clemmons* and *Jones* hold the amended motion was untimely because the trial court did not grant the first request for an extension prior to the expiration of the initial sixty-day period. However, Movant argues that he should have been able to rely on this court's decision in *Federhofer v. State*, 462 S.W.3d 838, 841 (Mo. App. E.D. 2015), and on *Volner v. State*, 253 S.W.3d 590, 592 (Mo. App. S.D. 2008), in determining the amended motion was due on or before July 9, 2021. The same argument was considered by our court in *Johnson*.

In *Johnson*, we reiterated the holding in *Jones* that *Federhofer* and *Volner* are "in direct contradiction of the Supreme Court's directive in *Clemmons*." *Johnson*, 660 S.W.3d at 81; citing *Jones*, 643 S.W.3d at 922. The *Jones* court found neither opinion discussed or distinguished *Clemmons*, nor explained their failure to follow the Supreme Court's decision but that the Western District did address the contradiction in *Perkins v. State*, 569 S.W.3d 426, 435 n.7 (Mo. App. W.D. 2018). *Id.* Thus, our court held, "[t]o the extent that *Federhofer* and *Volner* permit a circuit court to grant a motion for extension of time for a Rule 29.15 amended motion after the time to file the motion has expired, they are inconsistent with the last directive on this issue from the Supreme Court of Missouri and should no longer be followed." *Id.*, quoting *Jones*, 643 S.W.3d at 922. Indeed, "*Clemmons* remains the operative directive from the Supreme Court regarding extensions of time under Rule 29.15." *Id.*, quoting *Jones*, 643 S.W.3d at 921.

As in *Johnson*, Movant's argument that *Federhofer* and *Volner* permit his amended motion to be considered timely filed is without merit. Here, although the motion for extension of time was made before the time to file the amended motion had passed, it was not granted before

4

the expiration of the initial deadline. We note the court held an evidentiary hearing on the claims asserted in the amended motion and issued detailed findings of fact and conclusions of law denying Movant's request for post-conviction relief. However, even in light of the motion court's well-considered judgment, we must reverse the trial court's judgment and remand for an abandonment inquiry. *See Clemmons*, 785 S.W.2d at 527. If the trial court determines that the cause of the untimely filing was abandonment by counsel, then the court may accept the untimely filed amended motion.

## Conclusion

The judgment is reversed and remanded to the trial court for an inquiry into whether Movant was abandoned by his appointed counsel.

Lisa P. Page, Presiding Judge

Thomas C. Clark, II, J. and
Renée D. Hardin-Tammons, J. concur.

5