

# Missouri Court of Appeals
## Southern District

### In Division

MICHAEL DAVID BURGE, )
)
              Appellant, )
) No. SD38435
    v. )
) **Filed: February 20, 2025**
STATE OF MISSOURI, )
)
              Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Jessica Kruse, Judge

### VACATED AND REMANDED WITH INSTRUCTIONS

Michael David Burge ("Burge") appeals the denial of his motion for postconviction relief filed pursuant to Rule 29.15.[1] Because Burge's amended motion was filed after the deadline provided by the rule, we vacate the order and remand to the motion court to conduct an abandonment inquiry.

### Background

On September 19, 2018, a jury in Christian County, Missouri, found Burge guilty of one count of statutory sodomy in the first degree and one count of child molestation in the first degree,

---

[1] Rule references are to Missouri Court Rules (2020).

committed against two separate victims. The trial court sentenced Burge to consecutive sentences of life imprisonment with the possibility of parole after serving 15 years on the sodomy count and life imprisonment with the possibility of parole after serving 10 years on the child molestation count. Burge appealed, and we affirmed in a published opinion. *State v. Burge*, 596 S.W.3d 657 (Mo.App. S.D. 2020). We issued our mandate on April 3, 2020.

Burge timely filed a *pro se* motion for postconviction relief on June 11, 2020. The motion court appointed the Missouri Public Defender to represent Burge in an email dated July 7, 2020. Burge's appointed counsel entered an appearance in the matter and filed a motion pursuant to Rule 29.15(g), seeking a 30-day extension to file an amended motion. The motion court granted the 30-day extension on July 27, 2020. On October 15, 2020, the motion court entered an order granting Burge's request for a second 30-day extension to file the amended motion. Counsel filed the amended motion, raising three claims for relief, on November 4, 2020.

On January 19, 2024, after an evidentiary hearing at which Burge waived one of his claims, the motion court issued its findings of fact and conclusions of law denying both of Burge's remaining claims. Burge now appeals, arguing the motion court erred in finding counsel was not ineffective in failing to question Burge at trial about allegations made against him in Jersey County, Illinois, (Point I) and in finding counsel was not ineffective in failing to offer as evidence a photo of Burge from 2013 (Point II).

## Legal Principles

Before we address the merits of Burge's claims, we must independently determine whether the original and amended motions for postconviction relief were timely filed as required by Rule 29.15. *Jones v. State*, 643 S.W.3d 918, 920 (Mo.App. E.D. 2022). The filing deadlines provided by the rule are constitutional and mandatory; the State cannot waive them. *Price v. State*, 422

S.W.3d 292, 297 (Mo. banc 2014). A movant's failure to file a postconviction motion within the rule's time limits results in a "complete waiver" of any claims that could be raised in a postconviction motion. Rule 29.15(b). "[A] motion court's discretion to grant a requested extension of time to file an amended motion for post-conviction relief is limited to an exercise of that discretion within the time period to file the amended motion." *Harley v. State*, 633 S.W.3d 912, 917 (Mo.App. E.D. 2021). [T]he circuit court's discretion to extend the time to file an amended motion must be *exercised* within the time in which the amended motion is due. *Jones*, 643 S.W.3d at 921 (citing *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990)).

**Discussion**

Under the applicable version of Rule 29.15(b), following the direct appeal of his underlying criminal case Burge had ninety days from the date of this court's mandate to file his initial *pro se* motion for postconviction relief. In Burge's case, we issued our mandate on April 3, 2020, so his initial motion was due July 2, 2020. Burge timely filed his *pro se* motion on June 11, 2020. The motion court appointed the Missouri Public Defender to represent Burge on July 7, 2020.

Under Rule 29.15(g), motion counsel then had sixty days—until September 5, 2020—to file an amended motion. "The court may extend the time for filing the amended motion or statement in lieu of an amended motion, with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days." Rule 29.15(g). This power to grant up to two thirty-day extensions is not absolute. The movant must request and the motion court must extend the deadline before expiration of the previous deadline. *See **Harley** and **Jones**, supra*. The motion court granted motion counsel's first request for an additional thirty days on July 27, 2020, extending the deadline for the amended motion to October 5, 2020. On October 15, 2020, after the previous extension expired, the motion court entered an order granting Burge's request for a

second 30-day extension to file the amended motion. Counsel filed the amended motion on November 4, 2020.

The second thirty-day extension came too late, as it was filed October 15, 2020, after the first 30-day extension had expired on October 5. Because the motion court had lost its authority to grant a second 30-day extension before October 15, 2020, the amended motion, filed November 4, 2020, was untimely.

"The untimely filing of an amended motion by postconviction counsel creates a presumption of abandonment." *Watson v. State*, 536 S.W.3d 716, 719 (Mo. banc 2018).

> When post-conviction counsel is appointed to an indigent person, an amended motion seeking post-conviction relief filed beyond the deadline can constitute the "abandonment" of the movant. If an amended motion seeking post-conviction relief is untimely, the motion court is required to conduct an independent inquiry into the reason for the untimely filing to determine whether post-conviction counsel abandoned the movant, which must be done *before* considering the merits of the amended motion and the evidence in support.
>
> The issue of abandonment is important because abandonment by appointed counsel extends the time limitations for filing an amended motion seeking post-conviction relief. Specifically, if the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing. On the other hand, if the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. The motion court must also make a sufficient record of the abandonment inquiry. Upon review of the record, if we determine there has been no independent inquiry into abandonment or no record for us to review such inquiry, then we must reverse and remand for the motion court to conduct this inquiry.

*Harley*, 633 S.W.3d at 916-17 (internal punctuation, footnote, and citations omitted). "It is our duty to enforce the mandatory timelines in the post-conviction rules, but 'the motion court is the appropriate forum to conduct such an inquiry' into abandonment." *Childers v. State*, 462 S.W.3d 825, 827 (Mo.App. E.D. 2015) (quoting *Moore v. State*, 458 S.W.3d 822, 826 (Mo. banc 2015)). *See also Owens v. State*, 673 S.W.3d 839, 843-44 (Mo.App. S.D. 2023).

4

In its findings of fact and conclusions of law, the motion court determined that Burge's *pro se* Rule 29.15 motion was timely, but did not address the timeliness of the amended motion filed on November 4, 2020. Consequently, the motion court did not address whether Burge was abandoned by his counsel. Accordingly, we must vacate the order denying postconviction relief and remand the matter to the motion court to conduct the mandatory abandonment inquiry. We do not address the merits of Burge's points on appeal, as it would be improper to do so before abandonment is determined. *See* **Harley**, 633 S.W.3d at 919.

The motion court's order denying postconviction relief is vacated and the cause is remanded for determination of whether Burge was abandoned by motion counsel.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS